434 So.2d 353 (1983)
Henry J. HARTZELL, Appellant,
v.
Laurlene G. HARTZELL, Appellee.
No. 82-2045.
District Court of Appeal of Florida, Fourth District.
July 20, 1983.
Harry G. Carratt of Morgan, Carratt & O'Connor, P.A., Fort Lauderdale, for appellant.
Michael J. McNerney of Brinkley, McNerney, Morgan & Ashcraft, Fort Lauderdale, for appellee.
HERSEY, Judge.
The former husband appeals from an award of lump sum alimony and attorney's fees to the former wife. Appellee wife had remarried prior to rendition of the judgment, having earlier obtained a divorce in Arizona.
Alimony in the traditional sense based upon a need for support and an ability to pay is not appropriate after remarriage of the party seeking support. Carlton v. Carlton, 87 Fla. 460, 100 So. 745 (1924). However, lump sum alimony remains a vehicle for providing the remarried spouse an equitable share of the marriage's accumulated assets. Claughton v. Claughton, 393 So.2d 1061 (Fla. 1980).
The trial court has not favored us with a characterization of the award in this instance. Since it would be facially invalid if responding to a need for support, we can only presume that it was intended to effect an equitable distribution.
There were basically two assets accumulated during the marriage: the marital home, which was sold and the net proceeds divided between the parties; and the former husband's entitlement to military retirement benefits. The trial court found no special equities in these assets.
We assume for purposes of analysis that appropriate circumstances were shown to *354 warrant a conclusion that equitable distribution was appropriate. See Grimmett v. Grimmett, 425 So.2d 545 (Fla. 4th DCA 1982). The question remains whether military retirement benefits are susceptible of equitable distribution.
An entitlement to military retirement pay is an appropriate factor to be considered in making an award of alimony based upon need for support and ability to pay. Mills v. Mills, 417 So.2d 298 (Fla. 1st DCA 1982); Cullen v. Cullen, 413 So.2d 1196 (Fla. 1st DCA 1982); O'Neal v. O'Neal, 410 So.2d 1369 (Fla. 5th DCA 1982); Higgins v. Higgins, 408 So.2d 731 (Fla. 1st DCA), pet. for rev. denied, 417 So.2d 329 (Fla. 1982); Bradley v. Bradley, 385 So.2d 101 (Fla. 5th DCA 1980).
However, on June 26, 1981, the Supreme Court decided that an entitlement to military retirement benefits is insulated from attachment or garnishment to facilitate a division of community property or to effectuate equitable distribution. McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981). The Court's conclusion was based on the fact that "Congress has neither authorized nor required the community property division of military retired pay. On the contrary, that pay continues to be the personal entitlement of the retiree." 453 U.S. at 232, 101 S.Ct. at 2741, 69 L.Ed.2d at 605.
McCarty challenged Congress to decide what rights an ex-spouse should have in military retirement pay.
Congress may well decide, as it has in the Civil Service and Foreign Service contexts, that more protection should be afforded a former spouse of a retired service member. This decision, however, is for Congress alone. We very recently have reemphasized that in no area has the Court accorded Congress greater deference than in the conduct and control of military affairs. See Rostker v. Goldberg, 453 U.S. 57 at 64-65, 101 S.Ct. [2646] at 2651 [69 L.Ed.2d 478]. Thus, the conclusion that we reached in Hisquierdo [v. Hisquierdo, 439 U.S. 572, 99 S.Ct. 802, 59 L.Ed.2d 1] follows a fortiori here: Congress has weighed the matter, and "[i]t is not the province of the state courts to strike a balance different from the one Congress has struck." 439 U.S., at 590, 99 S.Ct., at 813.
453 U.S. at 235, 236, 101 S.Ct. at 2743, 69 L.Ed.2d at 608. Congress has met that challenge in enacting 10 U.S.C. § 1408, effective February 1, 1983. Under section 1408(e) an ex-spouse is now permitted to reach as much as fifty percent of "disposable retired or retainer pay."
Avoiding massive litigation, the new law does not disturb the provisions of court orders that had become final before McCarty was decided on June 26, 1981. In re Marriage of Smith, 549 F. Supp. 761, 764 (W.D.Tex. 1982). Congress defined "court order" as
a final decree of divorce, dissolution, annulment, or legal separation issued by a court, or a court ordered, ratified, or approved property settlement incident to such a decree (including a final decree modifying the terms of a previously issued decree of divorce, dissolution, annulment, or legal separation, or a court ordered, ratified, or approved property settlement incident to such previously issued decree), which 
(A) is issued in accordance with the laws of the jurisdiction of that court;
(B) provides for 
(i) payment of child support (as defined in section 462(b) of the Social Security Act (42 U.S.C. § 662 (b)));
(ii) payment of alimony (as defined in section 462(c) of the Social Security Act (42 U.S.C. § 662 (c))); or
(iii) division of property (including a division of community property); and (C) specifically provides for the payment of an amount, expressed in dollars or as a percentage of disposable retired or retainer pay, from the disposable retired or retainer pay of a member to the spouse or former spouse of that member.
10 U.S.C. § 1408(a)(2) (emphasis added).
In the present case the parties were divorced in Arizona prior to the McCarty *355 decision. Their property rights were decided in Florida subsequent to McCarty but prior to the new legislation. As such, the final order under review may be modified pursuant to the anti-McCarty statutory mandate: "a court may treat disposable retired or retainer pay payable to a member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse... ." 10 U.S.C. § 1408(c)(1). Based on the record before us, we are unable to determine whether or not the Florida trial court made the award of lump sum alimony to the former wife to balance the husband's retirement benefits. Therefore, this cause will have to be remanded for such a determination. We note that the parties are free to contract such an exchange of interests, but the trial court is not, being limited to the statutorily authorized method of distributing "disposable retired or retainer pay" should it find that such a division of property is warranted. We conclude the lump sum alimony award cannot be deemed a distribution of military retirement pay. Since it has no other basis of support in the record, this award must be reversed.
Because dissolution orders necessarily encompass many interrelated problems in apportioning assets to provide an equitable overall scheme, this cause is remanded to the trial judge so that he may again exercise his discretion to modify the related matters within the plan for division of assets as may be necessary to do equity and justice. Canakaris v. Canakaris, 382 So.2d 1197, 1202 (Fla. 1980); Sangas v. Sangas, 407 So.2d 630, 633 (Fla. 4th DCA 1981); Eagan v. Eagan, 392 So.2d 988, 990 (Fla. 5th DCA 1981). The provisions of the final judgment equally dividing the assets received from the sale of the marital home and awarding appellant lump sum alimony are stricken. This cause is remanded for reconsideration of the aforesaid provisions by the lower court to modify them as may be necessary to effectuate an equitable distribution based on the present record or supplemented by additional evidence.
The award of attorney's fees is totally without record support, regarding either the former husband's ability to pay or the former wife's need. We, therefore, reverse that aspect of the award as well.
In all other respects the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART; and REMANDED.
DOWNEY and DELL, JJ., concur.