WENTWORTH, Judge.
Appellant seeks review of a final judgment of dissolution which awarded the ap-pellee wife periodic and lump sum alimony and denied appellant husband’s claim for a special equity in the former marital home. Because the award of periodic alimony was *43 apparently based upon improper principles, that award is reversed. The judgment is otherwise affirmed.
The parties were married in the wife’s hometown in Italy while the husband was stationed there in 1960. During most of the marriage, the husband was in military service and the wife’s activities were limited to those of homemaker and mother of their two children. The parties separated in 1975. At that time the wife was working as a bookkeeper and going to school at night. Subsequently, she received a bachelor of arts degree in accounting, and now works as a systems analyst.
Fourteen months prior to the separation, the parties had purchased a home on Cassie Road in Jacksonville, Florida. In July, 1979, they purchased a home on Randall Street where the wife and the remaining dependent child were living at the time of the dissolution. Because the Randall Street property was purchased with the wife’s earnings, she requested the husband’s interest in it as a special equity. Alternately, she requested his interest as lump sum alimony. In part because the wife had only briefly resided in the Cassie Road house, the husband sought a special equity in it.
The wife’s petition for dissolution also claimed an “equitable interest” in the husband’s military retirement benefits, and re-quésted “equitable distribution” of those benefits between the husband and wife.
The final judgment denied the husband’s claim of a special equity in the Cassie Road property and awarded the husband’s interest in the Randall Street property to the wife as lump sum alimony. We find no error in either of these determinations. The husband did not show that the Cassie Road property was acquired through resources over and above his normal marital contributions. And the record sufficiently supports the lump sum award to the wife in order to achieve equitable distribution between the parties. Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).
We find, however, apparent error or omission in the trial court’s findings and disposition with regard to the wife’s request for a share of the husband’s military retirement benefits. The final judgment provides in pertinent part' that:
Under authority of Cullen v. Cullen, First DCA, 413 So.2d 1196, 1982, the wife has a special equity in the husband’s military retirement pay, wherefore, the husband shall pay the wife $125.00 each month as periodic alimony, beginning February 1, 1983, and continuing on the first day of each month thereafter, until the wife remarries, dies or until further Order of the Court, with the first payment (February 1, 1983 payment) being paid by the husband directly to the wife, and all subsequent payments being paid to the wife by U.S. military allotment, and the husband shall, forthwith, cause such allotments to be made and maintained.
We are unable to discern from the quoted language whether the trial court (1) found that the wife had demonstrated a need for periodic alimony, or (2) made an award upon an erroneous reading of Cullen as holding what it expressly did not on the question of entitlement to a spouse’s military retirement benefits. In Cullen we concluded that such benefits may be used as a measure of ability to pay alimony provided the requisite showing of need for an alimony award is made. Such awards were thus distinguished from the property settlement concept rejected by the Supreme Court in McCarty v. McCarty, 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981).
Because of our inability to determine whether the trial court found that the wife in this case made the requisite showing, the award of periodic alimony is reversed and the cause is remanded for reconsideration and application of the pertinent Cullen principles.
LARRY G. SMITH and JOANOS, JJ., concur.