BOWES, Judge.
This case is on appeal from a judgment of the trial court dismissing appellant’s dec-linatory exception of lack of subject matter jurisdiction and ordering that the defendant-appellant pay the plaintiff-appellee 35% of his military pension which accrued between 1963 and 1981, as “an equitable distribution of a marital asset under Florida law.” We affirm.
Plaintiff and defendant were married in 1962 and separated in 1981.- Daniel Deal served in the United States Marine Corps from 1960 through 1985, when he retired. During his military career, he maintained his domicile in his home state of Florida. In June of 1980, the parties moved to Louisiana in which defendant was stationed. In September, 1981, Mrs. Deal filed a petition for separation alleging that she and her husband were domiciled in Louisiana. A default judgment was obtained; also decided were ancillary matters of custody and support.
In May 1984, plaintiff filed a petition for divorce and, in June, a supplemental petition asking for partition of community property, which consisted of defendant’s military pension. Defendant filed a general denial through a curator and later, through his own counsel, an answer and reconventional demand. That pleading included a request for custody, a reduction in support, and, in the prayer for relief, a request “That the Court find that his military pension benefits are solely his property.” An amended and supplemental answer and reconventional demand was later filed, alleging fault on the part of Mrs. Deal and averring again that the pension was not community property. On the same date, defendant filed a declinatory exception of lack of subject matter jurisdiction vis-a-vis the pension; and a petition to void the separation judgment based on an alleged reconciliation between the parties.
Trial was held on April 23, 1985. Defendant’s declinatory exception was dismissed and he was ordered to pay plaintiff 35% of his military pension as an equitable distribution of a marital asset under Florida law. No reasons for judgment were given.
On appeal, Mr. Deal raises two assignments of error:
1. That Louisiana did not have jurisdiction over appellant to determine ownership or entitlement of his military pension; and
2. Appellee is not entitled to any portion of the pension as an “equitable distribution” of marital assets under Florida law.
1. Jurisdiction
Our Supreme Court has considered, very recently, the question of jurisdiction of our *1177 courts to partition the military retirement pay of a member of the armed forces not residing in Louisiana in Gowins v. Gowins, 466 So.2d 32 (La.1985). There, the Court discussed the issues of domicile and consent to jurisdiction pursuant to 10 U.S.C.A. Sec. 1408(c)(4):
In 1982 Congress enacted the Uniformed Services Former Spouses’ Protection Act (USFSPA), 10 U.S.C.A. § 1408 to overrule McCarty. Under 10 U.S.C.A. § 1408(c)(1), the states may apply their own marital property laws to military retired pay.2 See Note, Military Retired Pay and Divorce; Congress Retires McCarty v. McCarty — Is that Enough?, 40 Wash. & Lee L.Rev. 271 (1983).
The application of USFSPA is limited to courts with jurisdiction over the military service member. 10 U.S.C.A. § 1408(c)(4) provides:
“A court may not treat the disposable retired or retainer pay of a member in the manner described in paragraph (1) unless the court has jurisdiction over the member by reason of (A) his residence, other than because of military assignment, in the territorial jurisdiction of the court, (B) his domicile in the territorial jurisdiction of the court, or (C) his consent to the jurisdiction of the court.”
Thus, in order for Louisiana to apply its law on matrimonial regimes to military pensions, the service member must be a Louisiana domiciliary, a Louisiana resident, apart from military assignment, or the member must have consented to the Louisiana court’s exercise of jurisdiction.
While the court apparently determined that Col. Gowins was a domiciliary of Louisiana, the finding of jurisdiction over the pension was also based on Col. Gowins’ submission to jurisdiction.
10 U.S.C.A. § 1408(c)(4)(C) does not require express consent. A military spouse can give implied consent to a state court’s jurisdiction by making a general appearance, waiving all jurisdictional objections under LSA-C.C.P. arts. 6(3) and 7. Louisiana had personal jurisdiction over Col. Gowins for the purpose of adjudicating the custody of his three children and his obligation to pay child support. Louisiana also had personal jurisdiction over him under LSA-C.C.P. art. 6(3) in the divorce action since he answered Mrs. Gowins divorce petition.
In that case, Col. Gowins had (1) answered and reconvened to Mrs. Gowins’ initial separation petition; (2) filed rules for visitation with his children; (3) answered Mrs. Gowins’ divorce petition; and (4) petitioned for reduction in child support. The court stated:
In Imperial v. Hardy, supra, the concept of continuing jurisdiction was applied to allow the assertion of jurisdiction by a Louisiana court over an Indiana resident. [...]
It was held that there was continuing jurisdiction over the husband. The husband had invoked Louisiana’s jurisdiction by asking for custody of the children; and, once jurisdiction had attached, it continued.
“When a judicial proceeding is begun with jurisdiction over the person of the party concerned it is within the power of the State to bind him by every subsequent order in the cause. Mr. Justice Holmes called this rule ‘one of the decencies of civilization that no one would dispute.’ Michigan Trust v. Ferry, 228 U.S. 346, 33 S.Ct. 550, 57 L.Ed. 867 (1912). It would be intolerable if an action once properly begun could not proceed without the continued existence of the original basis for jurisdiction.” 302 So.2d at 8.
Louisiana had personal jurisdiction over Col. Gowins by virtue of his active participation in the Rapides Parish proceedings; he impliedly consented to Louisiana’s assertion of jurisdiction. Louisiana had personal jurisdiction on the basis of consent, which continued to give Louisiana jurisdiction over all matters incidental to dissolution of the marriage.5 Partition of the community is such an incidental matter. See LSA-C.C.P. art. 82.6
*1178 In the present case, we find that the defendant actively participated in the judicial proceedings involving the divorce, custody and support. Further, his original answer and reconventional demand filed prior to his exception requested the court to determine the status of the pension. Therefore, the trial court properly had jurisdiction over the determination of the pension, a matter incidental to dissolution of the marriage.
2. Florida’s Principle of Equitable Distribution
Appellant also argues that military pensions are considered to be income to its recipients and not assets subject to property division, relying on three Florida cases to verify this contention.[1] There is no statutory authority delineating the principle of equitable distribution. The Florida Supreme Court discussed the jurisprudential rule in Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1979):
Given the factual circumstances of this' cause, it is appropriate that we consider the principles enunciated by the First District Court of Appeal in Brown v. Brown, 300 So.2d 719 (Fla. 1st DCA 1974), concerning the distribution of accumulated material wealth in a dissolution proceeding. In speaking for the court, Judge Rawls stated:
How shall the material wealth of a marriage which is being dissolved be divided when one partner, the wife, has contributed her time to the marital home and children of the parties while the husband has pursued the accumulation of material goods. The evolution of the law of alimony that we have reviewed in length shows that today the contributions of each party to the accumulation of material assets must be considered in dissolving the marital partnership. Either spouse may contribute either by working in the market place or by working as a homemaker. The fact that in one marital venture a spouse is gainfully employed in the market place and pays a housekeeper to rear the children and keep house is not distinguishable from the spouse who devotes his or her full time to the profession of homemaker. The primary factual circumstance is each spouse’s contribution to the marital partnership. In the case sub judice, the wife has been shortchanged. The wife has not been adequately compensated for the contribution that she made as a fulltime mother and homemaker to the equal partnership marriage. We hold that the trial court abused its discretion in awarding the wife a pittance of the material assets accumulated in the husband’s name during 21 years. In so holding, we emphasize even though the cited authorities on the subject speak of “equal partners” and complete equality as partners, we are not engrafting upon the jurisprudence of this state the law of community property. On the question of alimony the judgment is reversed with instructions to the trial court to enter an award of lump sum alimony sufficient to compensate the wife for her contribution to the marriage.
Id. at 726. The court emphasized that its policy was not grounded upon principles of community property, but on basic fairness; a dissolution award should be suf *1179 ficient to compensate the wife for her contribution to the marriage.
We recognize that a trial court need not equalize the financial position of the parties. However, a trial judge must ensure that neither spouse passes automatically from misfortune to prosperity or from prosperity to misfortune, and, in viewing the totality of the circumstances, one spouse should not be “shortchanged.” Brown v. Brown.
At the time this appeal was taken and the briefs submitted, there was no definitive decision by Florida’s Supreme Court as to whether the principle of equitable distribution could properly be applied to military (or, for that matter, any type of) pensions. See Diffenderfer v. Diffenderfer, 456 So.2d 1214 (Fla. 1st DCA 1984) in which the Florida 1st Circuit concluded that a spouse’s interest in a retirement plan should not be treated as part of the marital estate. See Hirst v. Hirst, 452 So.2d 1083 (Fla. 4th DCA 1984) and Smith v. Smith, 481 So.2d 339 (Fla.App. 4th Dist.1986) for an opposing point of view.
The Diffenderfer case, on a certified question to the Supreme Court, has now resolved the conflict. In Diffenderfer v. Diffenderfer, 491 So.2d 265 (Fla. June 1986), the Florida Supreme Court held that pensions or retirement benefits are subject to distribution of marital property or as a source of permanent alimony, but not both.
The instant decision represents no revolutionary departure from Florida law. In fact, the decision under review is the first to expressly refuse to consider pension benefits as marital property in fashioning a scheme of equitable distribution. [...]
Although admittedly certain technical problems exist in reaching an accurate valuation of pension benefits, these uncertainties do not affect the pension’s status as property and can be overcome. [-..]
We feel no need to belabor the varying approaches which courts have taken in valuing the benefits, because the courts have so far quite sufficiently dealt with the problem. No recitation of formulae, considered in the abstract, could capture the variety of considerations necessary in order to do equity. While reduction to present value may often best ensure an equitable distribution of property, we cannot say it would do so in every case. As in calculating an award of alimony or maintenance, “[t]he court may consider any other factor necessary to do equity and justice between the parties.” § 61.-08, Fla.Stat. (1985). The wealth of the parties, their future prospects, the duration of the marriage and each party’s contribution to the marriage, among other factors, will bear on the question. [...]
In summary, we hold that a spouse’s entitlement to pension or retirement benefits must be considered a marital asset for purposes of equitably distributing marital property. While reduction to present value might best place the benefits in proper perspective for such purposes, we decline to impose any rigid rules and leave the doing of equity to the trial court. The trial court’s scheme of distribution, of course, remains subject to appellate review under the “reasonableness” standard set forth in Cana-karis.
Considering the Diffenderfer case, with its attendant criterion of reasonableness of the trial court’s scheme of distribution, and taking cognizance of our own standard of appellate review, we find no abuse of discretion in the trial court’s division of appellant’s military retirement pay. The partition was, insofar as we can determine from the record, equitable, fair, and reasonable.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of the appeal are taxed to appellant.
AFFIRMED.

. Appellant cites Novak v. Novak, 429 So.2d 414 (Fla.App. 4th Dist.1983); Wehrly v. Wehrly, 440 So.2d 42 (Fla.App. 1st Dist.1983); and Hartzell v. Hartzell, 434 So.2d 353 (Fla.App. 4th Dist.1983).
In Novak, the court refused to allow the wife an interest in her husband's pension because each party was allowed to retain his own pension fund.
In Wehrly, the court found that military pensions were not subject to the theory of “special equity”; "special equity" is distinguishable in Florida law from "equitable distribution” because it describes a vested interest in property because of contributions over and above normal marital duties (see Canakaris); Wehrly is thus inapplicable here.
The Court in Hartzell held that military retirement pay cannot be distributed as lump sum alimony, the trial court being limited to the statutorily authorized method of distributing such pension “should it find such a division of property is warranted.”
Thus, the cases cited by appellant do not support his position in this appeal.