567 So.2d 527 (1990)
Charles David HALE, Appellant,
v.
Daisy Alice HALE, n/k/a Daisy Alice McClellan, Appellee.
No. 89-03168.
District Court of Appeal of Florida, Second District.
September 26, 1990.
William C. Hamm of Smith & Hamm, P.A., Lake Alfred, for appellant.
No appearance for appellee.
RYDER, Acting Chief Judge.
Charles David Hale (father) challenges the trial court's order of October 13, 1989, which granted Daisy Alice McClellan (mother) an increase of child support and attorney's fees and costs. We reverse because the mother did not meet her burden of establishing that there had been a substantial change in circumstances to warrant the increase in child support, nor was there any evidence presented regarding the mother's need for attorney's fees or the father's ability to pay.
This court has held that a prerequisite for modification of child support is that the petitioner must prove that there has been a substantial change of circumstances. See Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982). While the trial court has discretion in deciding these matters, unless the petitioner meets this burden, the court abuses its discretion when it orders an increase. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980).
In the instant case, both parties failed to file a financial affidavit for this proceeding pursuant to Florida Rule of Civil Procedure 1.611(a). Furthermore, the mother did not present any evidence as to the increased needs of the child, other than the fact that the cost of living had increased. She acknowledged that there had not been any change of circumstances that she knew of in the ability of the father to pay an increased amount.
The fact that the mother is no longer employed is not sufficient to show a substantial change in circumstances, because she was basically unemployed at the time of the final dissolution. Additionally, the mother testified that she had no plans to seek employment, but wanted to be a homemaker. Therefore, her unemployment *528 status is voluntary. See Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989); Desilets v. Desilets, 377 So.2d 761 (Fla. 2d DCA 1979).
We further hold that the trial court abused its discretion in awarding attorney's fees and costs to the wife because there was no evidence presented regarding the ability of the father to pay and the need of the mother for the relief. See Hartzell v. Hartzell, 434 So.2d 353 (Fla. 4th DCA 1983).
We reverse the award of child support and attorney's fees and costs to the mother, but affirm all other provisions of the final order.
Affirmed in part; reversed in part.
LEHAN, J., and LUTEN, CLAIRE K., Associate Judge, concur.