593 So.2d 1146 (1992)
Salvador LANDA, Appellant,
v.
Gabriela MASSIE, Appellee.
No. 91-1345.
District Court of Appeal of Florida, Third District.
February 11, 1992.
Rehearing Denied March 24, 1992.
Diane H. Tutt, Davie, for appellant.
Mark A. Gatica, Miami, for appellee.
Before NESBITT, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Salvador Landa challenges that part of the trial court's order of May 2, 1991 which grants his former spouse, Gabriela Massie, an increase in child support payments. We reverse the order as to those payments.
In February 1988, Landa and Massie were divorced. By agreement, child support for the couple's two minor children was set at $500 per month. Eight months later, Massie and the two children relocated to Chile. Thereafter, child support was ordered reduced to $300 per month, in part to compensate for the cost of Landa visiting the children in Chile. Some months later, Massie returned to Dade County with the children and sought an increase in child support. At a January 3, 1990 hearing on the child support issue and other matters, both sides' attorneys announced to the court that the couple had agreed to child support of $510 per month, but other concerns, including visitation, were still unsettled.
Thereafter, Massie filed a motion for the enforcement of child support. At the same time, Landa filed a motion seeking custody of the children. Six months later, the trial court issued an order denying the custody change and ordering child support of $500 per month with no retroactivity. Massie then moved for reconsideration arguing that Florida's child support guidelines called for support of $1,265 per month. Landa argued the $510 settlement figure announced at the January hearing constituted a permanent agreement as to the child support due. The trial court, on reconsideration, ordered that Landa's support obligation in light of the guidelines was $931.70 per month and that payment of that amount was to be retroactive to the January hearing date.
This court has held that a prerequisite for modification of child support is that the petitioner prove that there has been a substantial change in circumstances. Hale v. Hale, 567 So.2d 527 (Fla. 2d DCA 1990), including the financial circumstances *1147 of one or both parties. Fritz v. Fritz, 485 So.2d 488 (Fla. 3d DCA 1986); Brown v. Brown, 315 So.2d 15 (Fla. 3d DCA 1975). This change in circumstances must be significant, material, involuntary, and permanent in nature. In re Marriage of Johnson, 352 So.2d 140 (Fla. 1st DCA 1977). The party seeking modification has the burden of showing this change in circumstances. Meltzer v. Meltzer, 356 So.2d 1263 (Fla. 3d DCA 1978), cert. denied, 370 So.2d 460 (Fla. 1979). Where, as here, the amount of child support is based upon an agreement by the parties, a heavier burden rests upon the party seeking a modification than would otherwise be required. See Tietig v. Boggs, 578 So.2d 838 (Fla. 3d DCA 1991).
In the instant case, the evidence demonstrated a support agreement had been entered into by the parties at the time of dissolution, and reinstated, by agreement, with the addition of $10 per month for medical expenses, upon Massie's return to this country. The evidence failed to show that the children's needs had increased since the date of the last child support order. Likewise, there was no proof of an increase in the husband's income at that time. Thus, while the court had the authority to modify the agreement, O'Brien v. O'Brien, 424 So.2d 970, 971 (Fla. 3d DCA 1983) (right to receive support belongs to child and may not be waived by parent), circumstances mandating modification were not demonstrated.
Accordingly, we reverse the support order under review. The case is remanded with instructions that the agreement entered into by the parties ordering child support set at $510 monthly should be put into effect, and retroactive payments due the wife should reflect this monthly obligation.
Reversed and remanded.