595 So.2d 1092 (1992)
Mayra M. LARGER and the Department of Health and Rehabilitative Services, Appellants,
v.
Miguel Francisco DIAZ, Appellee.
No. 91-704.
District Court of Appeal of Florida, Third District.
March 24, 1992.
*1093 Melvin A. Rubin, Miami, for appellants.
No Appearance for appellee.
Before BASKIN, JORGENSON and GODERICH, JJ.
PER CURIAM.
Mayra M. Larger [the mother] and the Department of Health and Rehabilitative Services [HRS] appeal from the trial court's order denying without prejudice their motion to vacate the final order which allowed Miguel Francisco Diaz [the father] to partially set off an arrearage in child support. We reverse.
The parents' marriage was dissolved on July 1, 1988. The final judgment incorporated their property settlement agreement dated June 17, 1988, which stated, in part, that "[t]he husband shall pay to the wife, for the support and maintenance of the minor children of the parties, the sum of $175.00 per week." The agreement also required the husband to maintain health insurance for the two minor children and stated that he was responsible for one half of all co-payments and deductibles. The settlement agreement also stated that the agreement represented the complete agreement between the parties and that there were no other promises or agreements.
The mother, through HRS, filed a motion for contempt on December 21, 1990, alleging that the father had willfully failed to make child support payments and pay medical bills. This matter was heard by a hearing officer on January 8, 1991. At the hearing, the parties agreed that the difference between what the father had paid directly to the mother and the amount of support which the father should have paid was $1,453.59. Additionally, the parties agreed that the father had paid $996.00 directly to the private elementary school which the youngest child attends. The father testified that the parties had agreed that the payments to the private school would be considered as part of the child support. The mother, on the other hand, testified that there was no such agreement.
On February 7, 1991, the hearing officer entered a recommended order finding that the father should not be held in contempt, despite the fact that he had child support arrearages in the amount of $457.59. The hearing officer recommended payments of five dollars per week towards the arrearage. He also recommended that this matter be referred to a general master "on the issue of whether the original child support amount is allocated to include the cost of the minor child's private school... ." The trial court entered its order approving the hearing officer's recommended order.
On February 8, 1991, the mother filed a motion to vacate the order. The motion alleged that the hearing officer gave the father a $996.00 credit for the payments he had made to the private school even though the hearing officer's report referred the matter to a general master to determine whether the child support amount includes the costs of the private school.
On February 19, 1991, the trial court denied the motion without prejudice. This appeal followed.
"[S]upport obligations accruing under a court order in a domestic case become vested rights of the payee and vested obligations of the payor which are not subject *1094 to retroactive modification." Onley v. Onley, 540 So.2d 880, 880 (Fla. 3d DCA 1989). See also Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988). "In the absence of some showing ... that a payment to or on behalf of the child served to discharge a duty of support encompassed by the order in question, such a payment, if unilaterally made without authority of court, cannot serve to discharge or reduce the requirements imposed upon the non-custodial parent." Onley, 540 So.2d at 880-81 (citations omitted).
In the instant case, the settlement agreement does not indicate that the child support payments include the minor child's tuition for the private elementary school. In fact, the agreement makes no reference to private schooling and does not indicate that the parents had any desire to send their child to a private school. Therefore, the payments to the private elementary school on behalf of the child did not "[discharge] a duty of support encompassed by the order in question." Onley, 540 So.2d at 880. See also Goldman v. Goldman, 529 So.2d 1260 (Fla. 3d DCA 1988). Additionally, the father reduced the child support on his own initiative and without authorization from the court. Accordingly, the trial court erred in reducing the arrearage by the amount which the father had paid directly to the private elementary school.
As stated earlier, the trial court ordered that the arrearage be repaid at a rate of five dollars per week. A trial court has discretion as to the manner in which the arrearage is to be repaid. Leone v. Weed, 474 So.2d 401 (Fla. 4th DCA 1985); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). The trial court is to consider the payor's ability to pay when determining the monthly repayment amount. Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987). In the instant case, the father is employed on a full-time basis earning approximately $32,000.00 per year. The father has the financial ability to pay substantially more than five dollars per week. Therefore, the trial court abused its discretion in ordering that the arrearage be repaid at a rate of only five dollars per week. On remand, the trial court is to reconsider this matter and enter a reasonable repayment schedule.
Reversed and remanded with directions.