PER CURIAM.
The downward modification of the father’s child support obligation is reversed because there was no showing of any change in the pertinent circumstances. Landa v. Massie, 593 So.2d 1146 (Fla. 3d DCA 1992), review denied, 602 So.2d 942 (Fla.1992).[1] No abuse of discretion has been demonstrated in the determination of the amount the appellee is required to pay toward his support arrearag-es. See Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977).
Affirmed in part, reversed in part.

. Our disposition makes it unnecessaiy for us directly to treat the appellants' contention that the finding that the father's not extraordinary living expenses made it a hardship to pay the support fixed by the guidelines is insufficient to justify a departure. We note, however, that there is great force in this contention. See §61.-30(l)(a), Fla.Stat. (1991); Riley v. Parker, 624 So.2d 828 (Fla. 1st DCA 1993).