629 So.2d 247 (1993)
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, CHILD SUPPORT ENFORCEMENT, and Evaristo Alvarez, Appellants,
v.
Daisy ALVAREZ, Appellee.
No. 93-952.
District Court of Appeal of Florida, Third District.
December 14, 1993.
Rehearing Denied January 18, 1994.
Diane H. Tutt, Fort Lauderdale, for appellants.
Daisy Alvarez, in pro per.
Before BARKDULL, FERGUSON and GERSTEN, JJ.
PER CURIAM.
Appellants, the State of Florida Department of Health and Rehabilitative Services (HRS), and Evaristo Alvarez (father), appeal a modification order which declined to mandate payment for child support arrearages by the appellee, Daisy Alvarez (mother). We affirm.
*248 The mother and father divorced in May 1987. The final judgment of dissolution of marriage granted custody of the parties' two children to the mother and required the father to pay child support.
The father obtained custody of the children in 1988 and sought child support payments from the mother in 1989. The court set child support at $350.00 per month. In February 1993, upon a motion for modification of child support and custody, the court transferred custody of the younger child to the mother. The court also granted judgment for the father of $6,401.00 in child support arrearage payments plus interest. Finding the mother's net monthly income of $652.00 was below minimum wage, the court determined that she lacked the present ability to pay toward the arrearage.
Appellants contend that failure to require any payment by the mother toward her arrearage was erroneous. Appellants further contend that while ability to pay should be considered in determining a reasonable payment schedule, even a person with limited income should be held accountable.
The trial court has not been bereft in its obligation to hold accountable the party owing the arrearage. Support obligations which accrue under a court order are vested rights of the payee and vested obligations of the payor. Onley v. Onley, 540 So.2d 880 (Fla. 3d DCA 1989). The court entered judgment on behalf of the father and advised the mother that interest on the arrearage will continue to accrue.
The trial court has discretion to determine the manner in which the arrearage is to be repaid. Larger v. Diaz, 595 So.2d 1092, 1094 (Fla. 3d DCA 1992). The court must consider the payor's ability to pay when determining the repayment schedule. Id. When a child support arrearage is established, it is error to order an unconscionably low rate of repayment. Onley, 540 So.2d at 881. However, rates of repayment are unconscionably low when they are much lower than the parent's ability to pay. See Larger, 595 So.2d at 1094.
In this case, the court found that a parent who has custody of one child and an income less than minimum wage lacks the present ability to pay her child support arrearage. Accordingly, we hold that the trial court did not abuse its discretion in not mandating any rate of repayment where the mother had essentially no ability to pay the child support arrearage.
Of course, the father may return to the trial court to seek modification of its child support order upon a showing of a substantial change in financial circumstances on the part of the mother. See Landa v. Massie, 593 So.2d 1146 (Fla. 3d DCA), review denied, 602 So.2d 942 (Fla. 1992).
Affirmed.