699 So.2d 1036 (1997)
DEPARTMENT OF REVENUE, on Behalf of Delores C. HALL, Appellant,
v.
Albert HALL, Appellee.
No. 96-985.
District Court of Appeal of Florida, Fifth District.
October 3, 1997.
*1037 Robert A. Butterworth, Attorney General, Tallahassee, and Barbara A. Ard and Jon Johnson, Assistant Attorneys General, Tampa, for appellant.
Stephen P. Sapienza, Bunnell, for appellee.
THOMPSON, Judge.
The Department of Revenue ("DOR"), on behalf of Delores C. Hall, appeals a final order modifying child support and fixing arrearages. We reverse in part.
On 8 March 1990, the marriage of appellee Albert Hall ("former husband") and Delores Hall was dissolved. At the time, the parties' four minor children were aged 17, 15, 13 and 9. The Final Order of Dissolution of Marriage ordered the former husband to pay $388 per month child support for all four children. The order provided that the support payments "shall continue until youngest of said minor children reaches age 18 years, marries, becomes self-supporting, dies, or until further order of the court." In a subsequent order, the trial court found the former husband in arrears under a New Jersey court order dated 22 May 1984 which instructed him to pay $50 weekly child support pending final judgment. The former husband was ordered to pay $10 per week toward the $9,600 arrearage.
As each of the three older children turned 18, the former husband reduced the monthly support payment by one-quarter. Then, on 1 December 1995, he filed a motion to modify child support. Therein, he sought an order terminating support for the three adult children retroactive to their respective 18th birthdays or graduation from high school, and reducing the support amount for the fourth child, who is still a minor. The trial court granted the motion, finding that:
[T]he previous Orders of support entered by this court automatically expired as to each child upon attaining age eighteen or graduating high school, but [the former husband] has mistakenly reduced his child support below the guidelines for the remaining child(ren) and that the payments received from the [former husband] were deficient....
Accordingly, the court terminated the former husband's support obligation for the three adult children retroactive to their 18th birthdays or graduation from high school, whichever occurred later. In addition, the court fixed the arrearage at $6,194.75 and ordered the former husband to pay an additional $25 per month toward the arrearage. The court made no factual finding that the former husband is unable to pay a higher amount.
DOR argues that the trial court lacked authority to retroactively terminate child support beyond the date the former husband filed his motion for modification. We agree. Generally, a parent is not legally bound to support his or her children beyond the age of 18, unless the parent agrees to do so in a binding contract or unless one of the exceptions in section 743.07, Florida Statutes,[1] applies. Madson v. Madson, 636 So.2d 759 (Fla. 2d DCA 1994); Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993); Carbonell v. Carbonell, 618 So.2d 326 (Fla. 3d DCA 1993). However, when the trial court, in its discretion, orders a lump sum support payment for more than one child, the obligor parent has the affirmative duty to seek a *1038 reduction as each child reaches majority. Dept. of Health and Rehabilitative Services v. Beckwith, 624 So.2d 395, 399 (Fla. 5th DCA 1993); State, Dept. of Health and Rehabilitative Services, Worthy v. Carwell, 524 So.2d 484, 485 (Fla. 2d DCA 1988); Hammond v. Hammond, 492 So.2d 837, 838 (Fla. 5th DCA 1986). The parent must continue to make full support payments until he or she successfully obtains modification, and the payments vest when they are due. State, Dept. of Revenue, Child Support Enforcement v. Segrera, 661 So.2d 922 (Fla. 3d DCA 1995).
In the instant case the final order of dissolution provided for a lump sum support payment for the four children. The former husband therefore had the duty to petition the court for modification as each child reached majority and was required to make payments in full until the court granted his requests. Because the payments vested when they were due, the trial court could not retroactively terminate support to a date earlier than 1 December 1995 absent a showing of extraordinary circumstances. Segrera; Kutz v. Fankhanel, 608 So.2d 873 (Fla. 5th DCA 1992); Dept. of Health and Rehabilitative Services v. Atterberry, 578 So.2d 485 (Fla. 5th DCA 1991). "The fact that one child has reached majority is not a sufficient compelling circumstance...." Hammond, 492 So.2d at 839. Therefore, we reverse those portions of the modification order terminating support retroactive to the children's 18th birthdays and setting the arrearage amount. On remand, the court must recalculate the arrearage amount to include the vested but unpaid child support and should make specific findings to support its determination. See Whitcomb v. Whitcomb, 669 So.2d 309 (Fla. 2d DCA 1996).
DOR also challenges the portion of the order directing the former husband to pay $25 per month toward the arrearage without a factual finding as to his ability to pay. While the trial court has discretion in determining the manner in which arrearages will be repaid, it must consider the payor's ability to pay when fashioning a repayment schedule. State, Dept. of Health and Rehabilitative Services v. Alvarez, 629 So.2d 247, 248 (Fla. 3d DCA 1993). Because the order includes no findings on the subject, this court cannot determine whether the rate of repayment is reasonable or unconscionably low. Id. Therefore, on remand, the trial court must determine the amount the former husband is able to pay and include that finding in its order. Buttermore v. Meyer, 559 So.2d 357, 359 (Fla. 1st DCA 1990).
AFFIRMED in part, REVERSED in part and REMANDED.
DAUKSCH, J., concurs.
HARRIS, J., dissents with opinion.
HARRIS, Judge, dissenting.
I respectfully dissent.
The majority primarily relies on Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986) for the proposition that a trial judge cannot recognize an automatic adjustment to a lump sum child support award for multiple children in the absence of a motion for modification and then can only back date the adjustment to the date of filing the motion. But Hammond predates the child support guidelines by which the legislature mandated that an award of child support be based on a table which allocates the award disproportionately depending on the number of children. In other words, because the legislature recognized that since it costs less to raise several children in a single unit than it would cost to raise them separately, a single child, under the guidelines, should be awarded more proportionately than two, and two children should be awarded more, proportionately, than three, etc. Therefore, the legislature determined a specific, but differing, amount of child support depending on the number of children and the net income of the parents. As each child becomes emancipated, however, one can merely refer to the guideline table in order to see the appropriate amount of support for the remaining children.
Without explanation, Hammond ignored the mandate of the legislature contained in section 743.07(1), Florida Statutes, which emancipates individuals once they reach the age of eighteen except under unusual circumstances. *1039 What logic or justification authorizes this principle to be ignored merely because the trial judge makes a lump-sum award instead of an individual award for each child? The court has no more authority to order child support for an adult than it does to order custody of an adult. Should we require a modification of the dissolution judgment in order to terminate custody or visitation when an offspring reaches adulthood? Continuing child support for an adult is a misnomer; it is more in the nature of a penalty.
Regardless of how the court frames its order, the guidelines "awards" a certain amount (although a differing amount for each child) of child support, based on the number of children in the family. The oldest child adds to the award the lowest amount. And when the oldest child reaches eighteen, the amount awarded because of such child, under the law, terminates. And because the award is terminated, there is no need for a modification of the judgment any more than a modification is required after the youngest child reaches majority. The award to an adult child simply ends. It should not take court approval for it to do so. Unless the paying parent files his motion to amend on the child's eighteenth birthday, under Hammond, such parent will be required to pay child support beyond the child's emancipation and this is contrary to law. Further, if a parent is required to "go to court" to avoid continuing the unauthorized payment, he or she is penalized in the amount of the costs of the action, usually including an attorney's fee, in order to achieve that which the legislature has deemed him or her to be entitled. The "cost" of receiving the statutory benefit may well exceed the benefit itself.
The trial court recognized the parent's right to terminate the support of adult children in this case. The court held:
[T]he law in Florida is that no parent is legally obligated to provide support for any child who is not otherwise incapacitated or disabled beyond their eighteenth birthday or graduated from high school whichever occurs later, and therefore, the previous Orders of support entered by this court automatically expired as to each child upon attaining age eighteen or graduating high school....
Since the father in our case had unilaterally reduced his child support payments as the children turned eighteen as though the award was equal for each child, the trial court, in confirming the father's right to terminate such adult child's support, nevertheless permitted a reduction only in the amount justified by the guidelines and continued the support for the remaining minor in the amount established as appropriate by the legislature for one child. An arrearage was established in the amount of the difference that should have been paid under the guidelines and the amount actually paid and a payment schedule was established. The trial judge did an excellent job.
The trial court's handling of the problem recognized that the legislature, and not the court, is the appropriate body to establish support obligations. It further recognized that divorcing parents should have no greater support obligation than the parents of an intact marriage. Should married couples be required to seek court approval in order to discontinue support for adult children? See Grapin v. Grapin, 450 So.2d 853 (Fla.1984).
When faced with the issue as to which parent should have the burden of establishing whether support should be extended for children dependent beyond their eighteenth birthday, the court in Hunter v. Hunter, 626 So.2d 1069 (Fla. 1st DCA 1993), held:
Moreover, it is clear that the statute is intended to establish exceptions to the general rule regarding termination of a child support obligation. Therefore, we believe that the better practice is to resort in a final judgment of dissolution of marriage to the general rule, with the understanding that a petition to modify may be filed should it subsequently appear that one of the section 743.07(2) exceptions is applicable.
Likewise, whether based on the principle of separation of powers, on the principle of equal treatment under the law, or merely on general statutory construction, I urge that the better practice is to recognize the parent's right to automatically terminate support *1040 for an adult child and leave it to the receiving parent to seek modification if changed circumstances justify an increase in child support for the remaining children from that originally established by the guidelines.
NOTES
[1] 743.07 Rights, privileges, and obligations of persons 18 years of age or older

* * * * * *
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years when such dependency is because of a mental or physical incapacity which began prior to such person reaching majority or if the person is dependent in fact, is between the ages of 18 and 19, and is still in high school, performing in good faith with a reasonable expectation of graduation before the age of 19.
§ 743.07(2), Fla.Stat. (1995).