DELL, J.
Ronald L. Peters appeals from an order ratifying and approving the hearing officer’s recommendation in a child support enforcement proceeding. We affirm in part and reverse in part.
Appellant and his former wife were divorced in Citrus County in 1985. The final judgment of dissolution granted custody of the parties’ minor children to the former wife and ordered appellant to pay child support in the total amount of $130 biweekly, without allocating a specific sum attributable to the support of each child.
Appellant stopped making his child support payments in 1991 when he went to prison. Both of the children reached the age of majority during appellant’s incarceration. Although he was aware of his right to do so, at no time during his incarceration did appellant seek modification of child support based upon an inability to pay. Neither did he seek a reduction in his obligation when the older child reached the age of eighteen. Appellant was released from prison in 1995, after both children had reached the age of majority. Appellant did not make payments on his accrued child support arrearages.
The State filed a complaint for enforcement and contempt, seeking to collect all sums unpaid through December 16, 1994, plus interest. The hearing officer’s recommended order finds that appellant has imputed income sufficient for him to make a payment of $150 per month until the ar-rearage is paid .in full. The trial court ratified and approved this recommended order.
Appellant’s contention that the trial court erred by ordering support for a child older than eighteen is without merit. Appellant never challenged the undifferentiated support award by appeal, nor sought a reduction by petition for modification at the time the oldest child reached the age of majority. The payments vested when due and are not subject to retroactive modification. Dep’t of Revenue v. Hall, 699 So.2d 1036 (Fla. 5th DCA 1997); State, Dep’t of Revenue v. Segrera, 661 So.2d 922 (Fla. 3d DCA 1995).
Appellant also contends that the record does not contain sufficient evidence to support the trial court’s imputation of net income to him in the amount of $756.00 per month. However, he has not responded to appellee’s argument that his failure to provide a transcript of the proceedings precludes review of this issue. We therefore affirm on the authority of Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150 (Fla.1979). See also Cirillo v. Davis, 732 So.2d 387 (Fla. 4th DCA), rev. denied, 751 So.2d 50 (Fla.1999); Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1981).
Finally, we reverse the provision in the order requiring appellant to provide medical insurance coverage “for the minor *1226 child(ren) in this case.” Since appellant’s children are no longer minors, on remand, this provision should be deleted.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
STEVENSON and GROSS, JJ., concur.