CHARLES CARROLL, Chief Judge.
This is an appeal by the plaintiff below from a post final decree order, entered in a divorce suit, which reduced the amount of child support on petition of the appellee.
The appellant obtained a final decree of divorce from the appellee in the circuit court in Dade County on May 25, 1962. In that decree the defendant husband was ordered to pay to the plaintiff wife “for support and maintenance of the two minor children of the parties, the sum of $500.00 per month, commencing with the month of June, 1962, and continuing each month thereafter until the children reached their majority, marry or until further order of this Court.”
On December 1, 1966, the appellee petitioned for reduction of child support, alleging that one of the children, Candence Elizabeth Witlin, became 21 years of age on November 14, 1966. Following a hearing *276 thereon, an order was entered reducing the child support from $500 to $300 per month upon proof that the one child had attained her majority. The order made no allowance to the wife for attorney fees.
The appellant contends the trial court committed error in reducing the child support and in failing to award attorney fees. On consideration of the record and briefs we find those contentions to be without merit, and affirm.
The fact that one of the two children had attained her majority was a sufficient reason and basis to grant the appel-lee’s motion for a reduction of the child support, and the amount of the reduction does not appear to be unreasonable in the circumstance presented. If the divorce decree, in awarding $500 per month child support, had provided that $250 per month should be paid for the support of each of the two children until they attained majority, then when one of them became 21 years of age the obligation to pay the $250 per month for support of that one would have ceased. The fact that the child support was not so divided for the two children made it necessary for the husband to apply for an order reducing the decreed amount, in view of his lessened obligation which resulted when one child attained majority.
Without having petitioned for an increase for support of the remaining minor child, and notwithstanding the shown fact that the older child had not been in her custody or receiving the benefit of the child support payments for more than a year before attaining majority, the wife presented testimony as to her living costs and certain expenses for the remaining child, on the basis of which she sought to have the $500 per month continued. On reading the transcript of the proceedings before the trial court on appellee’s petition, we are not persuaded that the trial judge abused his discretion in granting the reduction to the appellee because of the majority of one of the children and in denial of the wife’s application for attorney fees. Under § 65.16 Fla.Stat, F.S.A., allowance to the ex-wife of attorney fees in such matters is placed in the “sound judicial discretion” of the court.
By granting a reduction of only $200 and requiring $300 a month to be paid for support of the remaining minor child, the trial court in effect has granted to the wife a $50 increase in the support as it may be considered to have been made by the final decree for the benefit of the one child. However, as the matter was not heard on any petition filed by the mother for an increase in child support (cf. Cortina v. Cortina, Fla. 1957, 98 So.2d 334, 336-337), the challenged order of the trial court and our affirmance thereof should be considered to be without prejudice to the appellant, the plaintiff below, to petition the trial court for increase of child support based on changed circumstances of the parties, if such have occurred subsequent to the final decree of divorce, as the needs and welfare of the minor child may require.
Affirmed.