487 So.2d 1198 (1986)
Willie BELL, Jr., Appellant,
v.
DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, Appellee.
No. 85-1007.
District Court of Appeal of Florida, Fifth District.
May 1, 1986.
Mark E. NeJame, Orlando, for appellant.
Geraldyne H. Carlton, Lakeland, for appellee.
COBB, Chief Judge.
Appellant, Willie Bell, Jr., timely appeals the order by the lower court denying his petition for modification of child support and finding certain arrearages in child support that were owed. Bell, who was subject to a child support judgment, filed a petition on October 25, 1984, to modify that judgment, claiming a substantial change of circumstances based on injuries he had received in an automobile accident. The petition gave the name of Bell's attorney. In March, 1985, a show cause order issued because of delinquent support payments; an order of continuance for hearing of the show cause order was filed by the court on April 17, 1985.
On May 9, 1985, a notice of hearing was sent directly to Bell[1] by the attorney for HRS, stating that a hearing was to be held on May 30 on the "order of continuance dated April 17, 1985." The day before the scheduled hearing, counsel for HRS notified Bell's counsel by telephone that the arrearage issue would be considered at the hearing. Bell's counsel objected at the hearing to the defective notice (no copy to him, no written or timely notice of the arrearage subject matter). Nevertheless, the hearing proceeded and an order was *1199 entered denying Bell's petition for modification; staying enforcement of payments; allowing the weekly payments to accrue as arrearages; finding the accrued arrearages as of May 30, 1985; and granting a lien on any funds Bell should receive from settlement or litigation as a result of his accident.
Appellant contends that the trial court erred in ruling on his supplemental petition for modification at the May 30th hearing when that hearing had only been noticed for the order to show cause. In support of his contention, he cites the cases of Cortina v. Cortina, 98 So.2d 334 (Fla. 1957); Barreiro v. Barreiro, 377 So.2d 999 (Fla. 3d DCA 1979); and Matthews v. Matthews, 376 So.2d 484 (Fla. 3d DCA 1979).
In Cortina, a proceeding was brought by a husband against his wife for contempt based on failure to comply with child visitation provisions of a divorce decree. After the hearing, the trial court sua sponte and without notice to the parties, entered an order revoking part of the final decree requiring payment of support, and providing for resumption of support only upon the wife's and child's compliance with visitation requirements. The wife appealed, and the Florida Supreme Court held that the lower court could not modify the support decree unless the issue of modification was presented to it in appropriate proceedings and each party was given an opportunity to be heard on the issue.
In Barreiro, the wife filed a motion for enforcement of out-of-state summer visitation with the parties' son, who was in the father's custody. Without prior notice, without appropriate pleadings, and over the objection of the husband, the trial judge expanded the scope of the emergency hearing and provided for: temporary child support, transportation costs, grandparents' visitation, terms of the wife's subsequent visitation, and imposition of a constructive trust on the proceeds of certain property. The Fourth District held that such an expansion of what had been noticed for hearing was improper, and "clearly in violation of the appellant's due process rights, to hear and determine matters which were not the subject of appropriate pleadings or notice." 377 So.2d at 1000. In Matthews, in a per curiam opinion, the Third District overturned a trial judge's order which changed custody from the mother to the father and altered support payments without prior pleadings or notice.
In the instant case the only notice of the May 30th hearing given to appellant was that a hearing would be held on the April 17th order of continuance. That April 17th order of continuance referred to the order to show cause, not the modification of child support. Thus, on due process grounds, the trial court's ruling on appellant's modification petition must be reversed.
REVERSED and REMANDED for further proceedings consistent with this opinion.
DAUKSCH and ORFINGER, JJ., concur.
NOTES
[1] See Florida Rule of Civil Procedure 1.080(b), which requires that service upon a party represented by an attorney shall be made upon the attorney unless service upon the party is ordered by the court.