492 So.2d 837 (1986)
Linda S. HAMMOND, Appellant,
v.
Frank Raymond HAMMOND, Appellee.
No. 86-200.
District Court of Appeal of Florida, Fifth District.
August 14, 1986.
*838 John M. Starling, of Holland, Starling & Severs, P.A., Titusville, for appellant.
Joan H. Bickerstaff, Melbourne, for appellee.
ORFINGER, Judge.
Linda Hammond appeals from an order modifying a final judgment of dissolution by reducing her former husband's child support obligation both retroactively and prospectively. Appellant asserts (1) that the trial court lacked power to modify the final judgment without there being before it a petition for modification and (2) the unpaid arrearages of child support were vested property rights which the court could not divest. We agree on both issues and reverse.
In the final judgment of dissolution of marriage Frank Hammond was ordered to pay "as child support the sum of $182.00 per week,... for the support and maintenance of the minor children ... until such time as both minor children become 18 years of age ..." (Emphasis added). In her petition for enforcement of child support Linda alleged that Frank had failed and refused to pay the $182 since June 3, 1985 and was indebted in the amount of $4,368. She asked that appellee be found in contempt for his failure to pay. The husband's response contained certain assertions under the heading "Affirmative Defenses," among which was that one of the children had attained the age of majority and that appellee had thereafter offered the wife child support payments for one-half of the originally ordered amount, which offer appellant refused to accept. Appellee contended that he should not be required to continue paying the full amount of child support once one child reached majority and asked the court to either deny the wife's petition or order her to accept the past-due support payments in an amount equal to one-half the amount originally ordered to be paid.
At the hearing on Linda's petition, without hearing evidence as to the needs of the minor child or Frank's ability to pay or otherwise as to changed circumstances, the court entered an order decreasing child support to $100 per week retroactive to approximately the time when the one child had come of age. This appeal is from that order.
A trial court is not obligated to state separately the amount of support awarded for each child, but may, in its discretion, award a lump sum for several children. Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). As the court noted in Jones, there are cases in which the support awarded for several children is not sufficient in amount, but is all that the spouse can afford to pay. Therefore, to require an equal division for each child and an automatic reduction in the amount upon each child reaching majority would be inadequate in such cases. 330 So.2d at 539. When the final judgment awards a lump sum amount for several children, it becomes necessary for the husband to petition for an order reducing the amount when one child attains majority. Witlin v. Witlin, 206 So.2d 275 (Fla. 3d DCA 1968). See also Manganiello v. Manganiello, 359 So.2d 26 (Fla. 3d DCA 1978). A trial judge cannot modify a judgment calling for child support payments unless the issue of modification is presented by appropriate pleadings and each party is given notice and the opportunity to be heard on such issue. Cortina v. Cortina, 98 So.2d 334 (Fla. *839 1957); Bell v. Dept. of Health and Rehabilitative Services, 487 So.2d 1198 (Fla. 5th DCA 1986); Sweetland v. Gauntlett, 460 So.2d 570 (Fla. 3d DCA 1984). Neither will an oral motion at a hearing called for another purpose satisfy the pleading requirement. Purvis v. Carver, 303 So.2d 681 (Fla. 4th DCA 1974).
Here, the wife's pleading sought only the payment of arrearages. The affirmative defenses were insufficient to put the wife on notice that a modification of the support payments would be requested, nor does the response address the needs of the one child who is still a minor and entitled to support. Some expenses pertaining to child support remain constant regardless of the number of children involved, so to automatically reduce the child support when one child reaches majority by his or her portion of the whole could create an inequitable result. See Jones, supra, 330 So.2d at 539. Because no petition for modification was filed here, and because no evidence was taken upon which the court could determine that a modification was appropriate and in the best interest of the remaining minor child, modification of the award was error.
Past due installments of child support constitute vested property rights which are not subject to modification absent compelling circumstances or a valid defense. Fileger v. Fileger, 478 So.2d 105 (Fla. 2d DCA 1985); Dept. of Health and Rehabilitative Services v. Thomas, 477 So.2d 1053 (Fla. 5th DCA 1985); Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974). The fact that one child has reached majority is not a sufficient compelling circumstance or valid defense. Therefore, the trial court also erred in refusing to enforce the past due payments.
The order appealed from is reversed and the cause is remanded to the trial court for further proceedings consistent herewith.
REVERSED and REMANDED.
UPCHURCH, C.J., and COBB, J., concur.