THREADGILL, Judge.
The Department of Health and Rehabilitative Services (HRS) appeals a final order modifying child support payments. HRS contends the lower court erred in giving credit for amounts paid by appellee under a prior order and by finding that HRS had a responsibility to petition for modification on behalf of appellee following the death of one of the children. We reverse.
*485 In January 1986, appellee signed an agreement acknowledging paternity of Kyle and Kelvin, children born to Velina Worthy, and stipulating payment of $80.00 biweekly in child support for the children. A final judgment of paternity was entered, specifying the child support would continue until the minor children die, marry, become self-supporting or emancipated. The child Kyle died in February, 1986.
In February 1987, HRS filed a petition to determine past assistance debt that appel-lee owed for amounts paid by HRS to the children prior to the adjudication of paternity. In April, HRS petitioned for an increase in child support for the surviving child, Kelvin. In his answer, the appellee stated that because the child Kyle had died, the appellants had been improperly receiving $40.00 biweekly for over a year. Ap-pellee alleged that he had reported the child’s death to HRS but that HRS had taken no action to reduce his payments.
Following a hearing, the court found that HRS had a responsibility to move for modification on appellee’s behalf following the death of the child, and that equity required that the appellee be allowed a credit toward future child support payments equal to one-half of the amount he had paid after the child’s death. The court modified the support payments to $32.50 weekly but ordered that the appellee pay only $22.50 weekly for the first 136 weeks to reflect credit for half the amount paid after the death of Kyle. HRS appealed.
It is well established that a trial court may, in its discretion, award a lump sum rather than a separate amount of support for each child, and that the party seeking a reduction in support has the duty to petition the court to reduce the amount when one child attains majority, dies, or marries. See Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986); Alpert v. Alpert, 479 So.2d 875 (Fla. 3d DCA 1985); Witlin v. Witlin, 206 So.2d 275 (Fla. 3d DCA 1968). The payor parent must continue to make child support payments pursuant to the provisions of a valid order until he files a motion for modification and such motion is favorably acted upon. Raybuck v. Raybuck, 451 So.2d 540 (Fla. 2d DCA 1984).
This court has recently recognized that recoupment for child support over-payments may be proper where there are compelling equitable circumstances. Wooten v. Wooten, 510 So.2d 1033 (Fla. 2d DCA 1987). We do not find on these facts, however, that the death of the minor child was a sufficient equitable circumstance to warrant the credit against future payments allowed by the trial court. See Hammond, 492 So.2d 837; Raybuck, 451 So.2d 540. The original order of support in no way apportioned the support award biweekly between the children, and there is no evidence in the record indicating that the court based the award on a determination that each child needed $40.00 biweekly.
Further, the appellee knew of the death of his child, and failed to take any action to petition the court for modification until HRS petitioned for an increase in support. Equity will not benefit those who fail to timely exercise their rights. See Nussey v. Caufield, 146 So.2d 779 (Fla. 2d DCA 1962). Lanigan v. Lanigan, 78 So.2d 92 (Fla.1955); Matousek v. Cooper, 111 So.2d 65 (Fla. 2d DCA 1959). Nor does a court of equity have the power to overrule an established rule of law. Orr v. Trask, 464 So.2d 131 (Fla.1985). Florida law is clear that it is the obligation of the party seeking modification to petition for relief. Hammond; Raybuck.
We find no evidence in the record supporting an obligation of HRS to petition the court on behalf of appellee and no compelling equitable circumstances warranting credit for one-half of the child support paid after the death of one of the children. We therefore reverse that portion of the final order which allows such credit and remand for further proceedings consistent with this opinion.
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL, J., concur.