624 So.2d 367 (1993)
STATE of Florida, DEPARTMENT OF HEALTH & REHABILITATIVE SERVICES, CHILD SUPPORT ENFORCEMENT and Carol F. Whaley, Appellants,
v.
Hughey Francis WHALEY, Appellee.
No. 93-303.
District Court of Appeal of Florida, Third District.
September 21, 1993.
Diane H. Tutt, Fort Lauderdale, and Mitchell Haymes, Asst. State Atty., for appellants.
Wolfe & Gross, Melvin Wolfe, Miami, for appellee.
Before FERGUSON, COPE and GODERICH, JJ.
PER CURIAM.
In 1980, the father, Hughey Francis Whaley, and the mother, Carol F. Whaley, were divorced. At the time of the divorce, the parties' children were ages 17 and 10. The parties entered into an agreement which was incorporated into the Amended Final Judgment and Decree. Paragraph 2 of the agreement provided as follows:
Wife shall have and recover of the husband the sum of FIFTEEN HUNDRED DOLLARS ($1,500.00) per month towards the support and maintenance of said children, payable on the 5th day of each month beginning with the month of June, 1980.
Said child support payments shall continue until the youngest child shall have attained the age of 18 years, dies, marries or becomes emancipated.
The State of Florida, Department of Health and Rehabilitative Services [HRS], on behalf of the mother, filed a motion alleging arrearages in the payment of child support by the father. At the hearing, the primary issue was the interpretation of the above paragraph. The father took the position that child support payments were allocated; therefore, when the oldest child reached majority, the child support payments were reduced to $750.00 per month. The mother, on the other hand, took the position that the child support payments were unallocated; therefore, the child support payments remained at $1,500.00 per month until the youngest child reached majority. At the hearing, the parties agreed that $50,175.00 had been paid by the father after the entry of the settlement agreement.
The General Master interpreted the agreement as providing for an allocation of $750.00 per month to each child. The General Master's decision was based solely on the language of the agreement. Based on this interpretation, the General Master calculated the total arrearages at $26,325.00. The trial court approved the General Master's recommended order. The trial court denied the mother's and HRS's motion to vacate. This appeal follows.
*368 The mother and HRS contend that the trial court erred in adopting the General Master's finding that pursuant to the settlement agreement the child support payments were allocated. We agree.
The clear and unambiguous language of the settlement agreement provided for unallocated child support payments. See State, Dep't of Health and Rehabilitative Servs., Office of Child Support Enforcement v. Carwell, 524 So.2d 484 (Fla. 2d DCA 1988); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986); Jones v. Jones, 330 So.2d 536 (Fla. 1st DCA 1976). Accordingly, we reverse the final order adopting the General Master's finding that the child support payments were allocated and remand for a recalculation of the arrearages. On remand, however, the father may raise any applicable defenses.
Reversed and remanded with instructions.