661 So.2d 922 (1995)
STATE of Florida, DEPARTMENT OF REVENUE, CHILD SUPPORT ENFORCEMENT and Maria Segrera, Appellants,
v.
Nicholas SEGRERA, Appellee.
No. 95-790.
District Court of Appeal of Florida, Third District.
October 18, 1995.
*923 Dianne H. Tutt, Fort Lauderdale; Robert A. Butterworth, Attorney General, Michael J. Neimand and Angelica D. Zayas, Assistant Attorney Generals, for appellants.
Nard S. Helman, Miami, for appellee.
Before HUBBART, GODERICH and GREEN, JJ.
PER CURIAM.
The petitioners below, the State and the mother, appeal from an order denying their motion to vacate an order granting the father a retroactive reduction in his child support obligation. We reverse.
In the underlying case, the father agreed, pursuant to the parties' settlement agreement that was later incorporated into the final judgment of dissolution of marriage, to pay the wife $300 per month in child support for their two children. In November 1994, when the petitioners brought a motion for contempt against the father seeking child support arrearages, the father moved for a retroactive modification of his child support obligation on the basis that one of his two children had reached the age of majority in February 1994 and was emancipated. These motions were argued before a hearing officer, and subsequently, the trial court approved the hearing officer's recommended order that effectively granted the father a retroactive reduction in his child support obligation. The order stated that the father should receive credit toward his arrearages for child support payments that he had made for the emancipated child since February 1994. Subsequently, the petitioners' motion to vacate the order granting the father a retroactive reduction in his child support obligation was denied, and this appeal follows.
It is well established that a trial court may, in its discretion, award a lump sum, rather than a separate amount of support for each child, and that the party seeking a reduction in support has the duty to petition the court to reduce the amount when one child attains majority... . The payor parent must continue to make child support payments pursuant to the provisions of a valid order until he files a motion for modification and such motion is favorably acted upon.
State, Dep't. of Health & Rehabilitative Servs. v. Carwell, 524 So.2d 484, 485 (Fla. 2d DCA 1988) (citations omitted); see also, Alpert v. Alpert, 479 So.2d 875 (Fla. 3d DCA 1985); Adams v. Adams, 423 So.2d 596, 598 (Fla. 3d DCA 1982). Because support obligations become vested rights of the payee and vested obligations of the payor at the time the payments are due, child support payments may only be modified prospectively and are not subject to retroactive modifications. Puglia v. Puglia, 600 So.2d 484, 485 (Fla. 3d DCA 1992).
In the instant case, we find that the parties entered into an agreement wherein the father agreed to pay the wife a lumpsum, unallocated amount of child support for both children. Carwell, 524 So.2d at 485. The record reveals that the father properly petitioned, as he is required to do, for a reduction in child support after one child attained the age of majority. Carwell, 524 So.2d at 485. However, because support rights and obligations vest at the time the payments are due, the trial court erred by granting the father a retroactive reduction in child support. Instead, the trial court should have granted the reduction prospectively from the date that the motion for modification was filed and favorably acted upon. Carwell, 524 So.2d at 485.
Based on the foregoing reasons, we reverse the trial court's order denying the petitioners' motion to vacate the order granting the father a retroactive reduction in his child support obligation, and we remand this cause with instructions for the trial court to grant a prospective reduction in the father's child *924 support obligation pursuant to the child support guidelines.
Reversed and remanded for further proceedings consistent with this opinion.