760 So.2d 244 (2000)
FLORIDA DEPARTMENT OF REVENUE on Behalf of Theresia McCLUNG, Appellant,
v.
James McCLUNG, Appellee.
No. 3D99-2111.
District Court of Appeal of Florida, Third District.
May 31, 2000.
Robert A. Butterworth, Attorney General and Jon J. Johnson (Tampa), Assistant Attorney General, for appellant.
Hershoff & Lupino, LLP and Scott Feuerman, Miami, for appellee.
Before GODERICH, GREEN, and SORONDO, JJ.
GREEN, J.
The Florida Department of Revenue ("Department") on behalf of the former wife appeals a post decretal order granting the former husband's exception to the general master's recommended order on the former husband's motion to determine the correct amount of child support arrearages. On this appeal, the Department argues that the trial court erred when it construed the provisions of the parties' property settlement agreement to require the former husband to pay allocated child support payments for the parties' two children. We disagree and affirm.
The former wife and former husband were divorced in a final judgment of dissolution *245 entered on April 30, 1986. At that time, they had two minor sons whose dates of birth were June 21, 1977 and March 18, 1982, respectively. The parties executed a property settlement and child custody agreement dated March 6, 1986, which was incorporated into and made a part of the final judgment of dissolution. This agreement provided in part that:
15. The Husband shall pay to the Wife, for support and maintenance of the minor children of the parties, the sum of $400.00 per month.
* * * *
18. The support rights of each child shall terminate and the obligation of the husband to pay support for each child shall cease upon occurance [sic] of any one of the following:
a) The death of the child.
b) Attainment of his eighteenth birthday.
c) The valid marriage of the child.
d) The lawful entry of the child into the military service of the United States.
The former husband fell into arrearages on the child support and on December 2, 1993, the Department filed a motion for the determination of the amount of arrearages owed by the former husband. The court adjudicated the arrearages, as of December 3, 1993, to be $20,143.73. On February 22, 1996, the former husband filed notice that one of the parties' sons had turned 18 years old on June 21, 1995, and requested a credit of $200 per month towards his child support arrearages from June 21, 1995 forward. In this notice, the former husband stated that he would continue to pay $200 per month for the parties' remaining minor son as well as $150 per month toward arrearages as ordered by the court.
Pursuant to this notice, on January 25, 1999, the former husband filed a motion to determine the correct amount of arrearages. This motion came on for hearing before a general master. After reviewing the parties' property settlement and child custody agreement, the general master concluded that the $400 monthly child support was not allocated between the parties' children and recommended that the former husband's motion be denied. The former husband filed his exceptions to the general master's recommendations. The sole issue presented to the trial court was whether or not the $400 monthly child support was allocated between the parties' two children. The trial court construed paragraphs 15 and 18 of the parties' property settlement and child custody agreement as requiring that the child support payments be allocated between each child. Accordingly, the court granted the former husband's exceptions to the general master's report and the Department appealed.
The Department asserts that the trial court erred in its construction of the parties' agreement. It maintains that the child support was unallocated based upon the language of paragraph 15 of the parties' agreement which states that: "The Husband shall pay to the Wife, for the support and maintenance of the minor children of the parties, the sum of $400 per month." This provision, the Department asserts, is virtually identical to language utilized in other cases which have found the awarded child support to be unallocated. See, e.g., State, Dep't of Health and Rehabilitative Servs., Child Support Enforcement v. Whaley, 624 So.2d 367 (Fla. 3d DCA 1993); State, Dep't. of Health and Rehabilitative Servs., Office of Child Support Enforcement ex rel. Worthy v. Carwell, 524 So.2d 484 (Fla. 2d DCA 1988); Hammond v. Hammond, 492 So.2d 837 (Fla. 5th DCA 1986). We disagree.
Based upon our de novo review of the parties' agreement,[1] we believe that paragraphs *246 15 and 18 must be construed together in order to give full effect to each. See Durham Tropical Land Corp. v. Sun Garden Sales Co., 106 Fla. 429, 138 So. 21 (1931). When that is done, we conclude, as did the trial court, that the parties intended for the child support payments to be allocated between each child such that upon the occurrence of one of the qualifying events listed in paragraph 18, the former husband would only be obligated to pay the former wife $200.00 per month for the remaining child.[2] We are compelled to reach this conclusion because paragraph 18 speaks in terms of the former husband's financial obligation to each child individually as opposed to the children collectively. For that reason, the cases relied upon by the Department are readily distinguishable. See, e.g., Whaley, 624 So.2d at 367 (child support unallocated where parties agreed that former husband would pay former wife $1,500 per month as child support for the parties' two children and agreement further provided that "said child support payments shall continue until the youngest child shall have attained the age of 18 years, dies, marries or becomes emancipated."); Carwell, 524 So.2d at 484 (trial court erred in modifying child support following "the death of one of two children for whom the father had acknowledged paternity where the final judgment of paternity specified that the child support would continue until the minor children die, marry, become self-supporting or emancipated"); Hammond, 492 So.2d at 837 (child support unallocated where the final judgment of dissolution ordered the former husband to pay "`as child support the sum of $182.00 per week, ... for the support and maintenance of the minor children... until such time as both minor children become 18 years of age[.]'").
Thus, we affirm the order under review. We note that as of this writing, the parties' youngest son has now reached the age of eighteen, and except for the past arrearages, the former husband's support obligations to the former wife have now ceased. Therefore, the net effect of our affirmance of the order under review grants the former husband a credit on the arrearages owed to the former wife from the date the parties' first son turned eighteen (i.e. June 21, 1995) forward.
Affirmed.
NOTES
[1] See Gumberg v. Gumberg, 755 So.2d 710 (Fla. 4th DCA 1999) (interpretation of a contract is a matter of law and is therefore reviewable de novo by appellate court); Inter-Active Servs., Inc. v. Heathrow Master Ass'n, Inc., 721 So.2d 433, 434 (Fla. 5th DCA 1998) (holding that the "[i]nterpretation of a contract is a question of law and an appellate court is not restricted in its review powers from reaching a construction contrary to that of the trial court."); Steuart Petroleum Co., Inc. v. Certain Underwriters at Lloyd's London, 696 So.2d 376, 379 (Fla. 1st DCA 1997) (holding that the "[i]nterpretation of a contract is a matter of law, with regard to which the appellant court is on equal footing with the trial court.").
[2] This, of course, would not relieve the former husband of his liability for any past arrearages which accrued prior to qualifying events listed in paragraph 18.