946 So.2d 1116 (2006)
John LEHMAN, Appellant,
v.
DEPARTMENT OF REVENUE o/b/o Joanne Lehman, Appellee.
No. 4D06-1056.
District Court of Appeal of Florida, Fourth District.
December 13, 2006.
Opinion Denying Rehearing February 14, 2007.
*1117 Ashley A. Sawyer and William M. Shaheen of Libow & Shaheen LLP, Boca Raton, for appellant.
No brief filed for appellee.
POLEN, J.
Appellant, John Lehman, appeals a non-final denial of his motion to vacate an order of contempt. The order of contempt was ordered as a result of Appellee's, the Department of Revenue ("Department"), calculations showing that Lehman owed child support arrearages in the amount of $29,003.17 for his three children. Lehman filed a motion to vacate the order of contempt, pursuant to Florida Rule of Civil Procedure 1.540(b)(3), alleging that the Department made misrepresentations to the court by seeking child support for children who were emancipated, either by age or by incarceration. Lehman argued the child support order allocated the award per child, and that he was not required to file a petition for modification in order for an automatic reduction to take place once each child was emancipated. We agree that the parties intended that the child support be allocated per child and reverse and remand.
A trial court's denial of a motion to vacate is reviewed using an abuse of discretion standard. Top Dollar Pawn Too, Inc. v. King, 861 So.2d 1264, 1265 *1118 (Fla. 4th DCA 2003). In State, Dept. of Revenue, Child Support Enforcement v. Segrera, 661 So.2d 922 (Fla. 3d DCA 1995), the third district stated:
It is well established that a trial court may, in its discretion, award a lump sum, rather than a separate amount of support for each child, and that the party seeking a reduction in support has the duty to petition the court to reduce the amount when one child attains majority. . . . The payor parent must continue to make child support payments pursuant to the provisions of a valid order until he files a motion for modification and such motion is favorably acted upon.
Id. at 923 (emphasis added). However, in Yockey v. Yockey, this court held that child support could be modified retroactively to the filing date of the petition. 784 So.2d 582 (Fla. 4th DCA 2001). Moreover, when a child support provision allocates the amount of support per child, the trial court can retroactively terminate child support prior to the date such relief is requested. See State of Fla. Dep't of Revenue ex rel. Wilson v. Wilson, 782 So.2d 952, 954 (Fla. 2d DCA 2001).
The controlling question in this case is whether the child support award was an aggregate award for all three children or an award allocated per child. In Florida Department of Revenue v. McClung, 760 So.2d 244 (Fla. 3d DCA 2000), the third district determined that the language in separate provisions of the parties' agreement should be read together to determine its true intent. Id. at 245-46. The language in the parties' agreement was as follows:
The Husband shall pay to the Wife, for the support and maintenance of the minor children of the parties, the sum of $400 per month.
The support rights of each child shall terminate and the obligation of the husband to pay support for each child shall cease upon occurance [sic] of any one of the following:
The death of the child.
Attainment of his eighteenth birthday.
The valid marriage of the child.
The lawful entry of the child into the military service of the United States.
Id. at 245. This issue was also dealt with in a fifth district case, Rodgers v. Reed, 931 So.2d 236 (Fla. 5th DCA 2006). In Rodgers, the parties' support agreement first obligated the father to pay "$212.00 per week for the support of the minor child(ren)." Id. at 237. This provision was immediately followed by the parties' three children's names and their birthdates. Id. The agreement further stated:
Child support payments shall continue until the death of said minor child, the valid marriage of the child, the lawful entry of the child into the military service of the United States for a continuous period of time of one year or more, or until attainment of said minor child's 18th birthday, unless said child is at the time enrolled in high school on a full time basis, and living at home, in which case support shall continue until the child graduates high school.
Id. The fifth district determined that the reading of these two provisions led to the conclusion that the child support was allocated and therefore, the child support could be retroactively modified to the date of emancipation of each child. Id. at 238-39.
We find that the facts of this case are analogous to those in McClung and Rodgers. The support order in this case read: "[Lehman] is obligated to pay child support for the following minor children. . . ." The children's names and birth-dates *1119 were then listed. The agreement stated Lehman was responsible to pay the sum of $843.00 per month.
Child Support payments shall continue until the minor child(ren) reach(es) the age of 18, die(s), marry(ies) or otherwise emancipate(s). All payments toward satisfaction of the past support shall continue after the child(ren) emancipate(s) until the past support/arrears are satisfied in full and may be enforced by contempt.
As in Rodgers, the fact that the children's name and birthdates were listed in the support order, along with the fact that the conditions for emancipation were laid out, leads to the conclusion that the child support was to be allocated amongst the three children. 931 So.2d 236. While this language may not be as clear as that found in McClung, i.e. "[t]he support rights of each child shall terminate and the obligation of the husband to pay support for each child shall cease" when each child reached emancipation, we find that the parties' intent that the child support be allocated per child is still evident. 750 So.2d at 245 (emphasis added).
Lehman argues that the child support award should have automatically been reduced by one third as each child was emancipated. We find this argument to be unpersuasive, as the language in the child support agreement is not clear as to the exact amount the child support is to be reduced by upon a child's emancipation. In viewing the child support guidelines, section 61.30, Florida Statutes (2005), we note that as the number of children subject to child support at a set income level decreases, the amount of child support required does not decrease on a pro rata basis. To accomplish such a result, the agreement or final judgment would have to specify language such as "X dollars per month per child, such amount to be discontinued as each child is emancipated." Therefore, we reverse the trial court's denial of Lehman's motion to vacate the contempt order with instructions to hold an evidentiary hearing to determine the correct amount of arrearages and the appropriate reduction in child support payments.
KLEIN and MAY, JJ., concur.

ON MOTION FOR REHEARING
POLEN, J.
Appellee, the Department of Revenue, has filed a motion for rehearing. On December 13, 2006, this court issued an opinion reversing the trial court's denial of Appellant, John Lehman's motion to vacate and remanded for an evidentiary hearing to determine the correct amount of child support arrearages and the appropriate reduction in child support payments. We deny the Department's motion for rehearing, but write to clarify our previously issued opinion.
The Department argues that our reference to the Lehman's child support obligation as an "agreement" is incorrect, as the child support was court-ordered rather than part of an agreement. According to the Department, this distinction is important, as our opinion states that the parties' intended that child support be allocated to each child, and if the child support was ordered, the parties' intent would not be a proper basis for determining the effect of the order.
While the Department is right in asserting the child support obligation was ordered by the trial court, rather than determined by the parties' agreement, this court's decision was founded on the language laid out in the child support order. This order was drafted by the Department and issued by the trial court. We find that the language used in the order supports the conclusion that the Department intended *1120 child support be allocated amongst Lehman's three children. If the language found in the order does not correctly reflect the Department's intent, any discrepancy should be resolved by changing the language in future orders to clearly reflect the Department's intent that child support not be allocated, and to put all parties on notice of its meaning.
In all other respects, our prior reversal and remand of the trial court's denial of Lehman's motion to vacate, and our instructions that an evidentiary hearing be held, remain unchanged.
KLEIN and MAY, JJ., concur.