971 So.2d 1031 (2008)
Debbie KARNBACH, Appellant,
v.
Gary KARNBACH, Appellee.
No. 4D07-1052.
District Court of Appeal of Florida, Fourth District.
January 16, 2008.
Steven L. Winig of Steven L. Winig, P.A., West Palm Beach, for appellant.
*1032 Anne Lynch of Anne Lynch, P.A., West Palm Beach, for appellee.
STONE, J.
The former wife appeals an order enforcing a judgment as to child support. The judgment incorporated a settlement agreement including child support for the two minor children.
Under the agreement, the former husband was required to pay child support of $620 per month. The agreement provided that it would continue until "each child reaches nineteen (19) years of age, graduates high school, dies or becomes emancipated." In 1999, the parties modified the agreement to give the former husband nearly equal timesharing. They also reduced the former husband's child support obligations.
The older child obtained his GED on November 29, 2005, but continued to reside with the former wife from May to August 2006, when he lived with the former husband.
The court entered an order granting the former husband's motion to enforce the settlement agreement and to determine child support based on a magistrate's finding that the settlement agreement provided for "allocation" of support between the two children. The magistrate found that upon the older child's graduation, the former husband's child support obligation would be terminated, retroactive to the day the older child received his GED. The former wife contends that the award was "unallocated" and that she is, therefore, entitled to a re-calculation of support for the remaining child.
Although we conclude that the trial court correctly recognized the support as "allocated," we reverse for re-calculation of support for the remaining child.
In Rodgers v. Reed, 931 So.2d 236 (Fla. 5th DCA 2006), the final judgment provided "that the party obligated to pay child support shall pay to the party entitled to receive the sum of $212.00 per week for the support of the minor child(ren)." It named the parties' three children and their birthdates. It further provided:
Child support payments shall continue until the death of said minor child, the valid marriage of the child, the lawful entry of the child into the military services of the United States for a continuous period of time of one year or more, or until attainment of said minor child's 18th birthday, unless said child is at the time enrolled in high school on a full time basis, and living at home, in which case support shall continue until the child graduates high school.
The Rodgers dispute was over a claim for arrearages. The trial court ruled it was a lump sum amount and ordered the former husband to pay the full amount. On appeal, the Fifth District reversed, relying on Florida Dept. of Revenue ex rel. McClung v. McClung, 760 So.2d 244 (Fla. 3d DCA 2000). In McClung, the child support agreement had provided that the husband would pay child support of $400 per month for the children of the parties, but also provided that the support rights of each child terminated upon certain occurrences. The court found that the order was for a "per child" award. Applying that reasoning from McClung to Rodgers, the Fifth District concluded that there was a "per child" order, not a lump sum award.
Applying Rodgers and McClung to this case, we note that the language in McClung was exactly the same as the language here, stating that "the support rights of each child shall terminate . . ." upon the happening of specific events and that the parties intended for child support to be allocated between each child. Nevertheless, in Lehman v. Department of *1033 Revenue, 946 So.2d 1116 (Fla. 4th DCA 2006), although we found the language in that case analogous to that in McClung and Rodgers, we concluded that an automatic proportional reduction was not mandated. Rather, we concluded that, where the language used in the agreement "is not clear as to the exact amount the child support is to be reduced," a hearing is required to fix child support for the remaining children in accordance with chapter 61.10. Id. at 1119. In Lehman, we also noted that in order to achieve an automatic reduction, the agreement must "specify language such as `X dollars per month per child, such amount to be discontinued as each child is emancipated.'" Id. In this case, there is no such specificity in the agreement.
Therefore, applying Lehman, and notwithstanding the use of the term "each child" indicating allocation in the agreement, we reverse and remand for a hearing as to the amount of child support. We also certify conflict with McClung as to whether the reduction is to be proportional.
As to all other issues raised, we find no reversible error or abuse of discretion.
MAY, J., and TUTER, JACK BEN, JR., Associate Judge, concur.