983 So.2d 17 (2008)
Alan I. KARTEN, Appellant,
v.
Donna KARTEN, Appellee.
No. 3D07-1023.
District Court of Appeal of Florida, Third District.
April 9, 2008.
Alan I. Karten, in proper person.
Jay M. Levy, Miami, for appellee.
Before COPE, RAMIREZ, and SALTER, JJ.
COPE, J.
This is an appeal of an order denying the former husband's exceptions to the report of the general magistrate, which assessed a child support arrearage against the former husband of $125,000. We conclude that the order must be reversed on authority of Florida Department of Revenue v. McClung, 760 So.2d 244 (Fla. 3d DCA 2000).
The question presented by this appeal is whether the child support obligation automatically terminated as each child attained the age of eighteen, or whether the obligation to pay child support continued until such time as a petition for modification was filed and ruled on. Based on the wording of the applicable child support order, the termination was automatic as each child became eighteen.
The parties were divorced in 1988. There were three children of the marriage, born in 1978, 1981, and 1986.
*18 In 1994, the trial court entered an order modifying the child support obligation. The order provided that child support would terminate as "each child" attained the age of eighteen (or another qualifying event). The order stated:
The Former Husband shall pay, as and for child support, to the Former Wife the total sum of $2,500 per month for all three children. Said sum to continue on the first of each month. Upon the first child obtaining the age of 18, or 19 if still in high school, dying or otherwise becoming emancipated, child support shall be reduced to the Child Support Guidelines for two children at the then existing time, and so forth as each child attains one of the aforementioned categories.
(emphasis added).
According to the former husband, the parties treated this language as providing for an automatic reduction and recalculation of child support as each child became eighteen. The former husband states that for several years the former wife accepted the recalculated payments after each child became eighteen.
Subsequently, there were disagreements between the parties and the former wife took the position that the former husband was obligated to continue paying the full $2500 child support amount, unless and until he filed a petition for modification and obtained an order reducing the child support obligation. The former husband opposed the wife's analysis, but also filed a petition for modification.
The general magistrate heard the dispute and accepted the former wife's legal analysis. The general magistrate recommended modification retroactive to the 2002 date the former husband filed for modification. The general magistrate refused to reduce the child support obligation retroactive to the (earlier) date each child had become eighteen. The general magistrate calculated the arrearages at $125,000. The trial court overruled the former husband's exceptions and approved the general magistrate's report. This appeal follows.
We conclude that this court's decision in McClung, is squarely on point. In McClung, the child support order required payment of $400 per month for the parties' two children. Id. at 245. The order provided that "the obligation of the husband to pay support for each child shall cease," (emphasis added), upon the child's attainment of age eighteen (or death, marriage, or entry into military service). Id.
The McClung panel concluded that the use of the "each child" language meant that the child support payments were "allocated between each child such that upon the occurrence of one of the qualifying events . . . the former husband would only be obligated to pay the former wife $200.00 per month for the remaining child." Id. (emphasis added). Thus the "each child" phraseology means that the award is an allocated award. Upon the attainment of age eighteen (or another qualifying event), the child support obligation automatically terminated as to that child. The former husband then had a child support obligation only as to the remaining child.
In McClung, the child support order did not specify how the $400 per month would be divided between the two children. This court ruled that in such circumstances, the amount is to be divided pro rata. That being so, the $400 per month award was divided in half when the first child became eighteen. Id. That left a $200 per month obligation for the remaining child. The reduction was retroactive to the date the first child became eighteen.
*19 Recently, the Fourth District Court of Appeal considered the same issue. Karnbach v. Karnbach, 971 So.2d 1031 (Fla. 4th DCA 2008). In that case, there were two children. The child support order stated that child support would continue until "each child reaches nineteen (19) years of age, graduates high school, dies, or becomes emancipated." Id. at 1032. The Fourth District ruled that the "each child" language makes the award an allocated award. In Karnbach, like McClung, the child support order did not specify how the child support was to be recalculated when a child attained the age of eighteen. The Karnbach court ruled that where the order is silent on how the recalculation should occur, the recalculation must be made under the child support guidelines.[1]
The Fifth District has also followed McClung. Rodgers v. Reed, 931 So.2d 236 (Fla. 5th DCA 2006). In that case, there were three children of the marriage. The order listed the children and provided that the child support payments were to continue until "said child" attained the age of eighteen (or marriage, military service, or graduation from high school if after the age of eighteen). Id. at 237. The Fifth District concluded that the order was a "per child award," and child support would terminate as each child attained the age of eighteen (or one of the other qualifying events). Id. at 239-40.
Under the cited cases, the child support award expires automatically as to each child when that child attained the age of eighteen (or had another qualifying event). The reduced amount was retroactive to the date the child became eighteen (or had another qualifying event).[2]
In McClung, the parties followed this procedure. When the first child became eighteen, the parties did not agree on what the new child support obligation should be. The trial court adjudicated this issue and concluded that the reduced child support amount was retroactive to the date the oldest child had become eighteen. McClung, 760 So.2d at 245.
In Karnbach, the court ruled that the child support obligation terminated as to the older child when that child received his GED degree. The Karnbach court directed that the child support amount for the remaining child be recalculated retroactive to that date, in accordance with the child support guidelines. Karnbach, 971 So.2d at 1032. In Rodgers, the Fifth District concluded that the child support obligation had terminated as each child attained the age of eighteen (or had another qualifying event), and remanded for recalculation accordingly. Rodgers, 931 So.2d at 240.
The logic here is, very simply, that when the underlying child support order provides that the obligation terminates as each child becomes eighteen (or has another qualifying event), the language means what it says. Upon the attainment of age eighteen (or another qualifying event), the obligation terminates automatically. If there must be resort to the court for recalculation of the child support amount for the remaining children, then the recalculation is retroactive to the date the child attained eighteen (or had another qualifying event).
*20 For the stated reasons, the order now before us is reversed and the cause remanded for further proceedings to determine what arrearage, if any, the former husband owes.
Reversed and remanded for further proceedings consistent herewith.
NOTES
[1] On the question whether the recalculation should be pro rata (McClung) or under the child support guidelines (Karnbach), the Karnbach court certified direct conflict with McClung. Karnbach, 971 So.2d at 1032. That is not an issue in the case now before us, because the order now before us specifies that the recalculation would occur under the child support guidelines.
[2] If the parties cannot agree on what the reduced child support amount should be, then the parties have recourse to the court to resolve the dispute.