THOMAS, J.
Appellant, the former husband, appeals a “Judgment for Child Support Arrearag-es.” Appellant contends the trial court erred by finding the child support award entered at the time of the parties’ divorce was an unallocated award, and that this error resulted in an incorrect calculation of child support arrearages. For the reasons explained below, we agree and reverse.

Procedural and Factual Summary

The final dissolution judgment named the parties’ two children and gave their birthdates. Addressing child support, the judgment provided:
*427 6. Beginning on the day following closing of sale of the marital home, husband shall pay wife $8,500 per month child support. Such payment shall continue on the corresponding day of each successive month thereafter so long as wife continues to be primary residential parent for two children who have not become 18, married, or self-supporting, whichever soonest shall occur. If either child upon becoming age 18 is a high school student projected to graduate from high school prior to becoming age 19, child support shall continue as to such child so long as the child otherwise is entitled to child support and continues to be a good faith student in pursuit of graduation from high school.
The parties later entered into a court-approved mediated settlement agreement which reduced Former Husband’s child support obligation to $2,625 per month.
Appellant then fell into arrears in his ehild support payments, prompting Appel-lee to petition the court for enforcement of the child support decree. Appellant later filed a petition for modification of his child support obligation in November 2010. Meanwhile, the parties’ oldest child reached the age of 18 in November 2008, and graduated from high school in June 2009.
That Appellant was in arrears was not in dispute; rather, the disagreement centered on the amount, based on Appellant’s contention that the child support award was an allocated award, and that his obligation to pay child support as to the older child ceased upon his emancipation and graduation from high school. Thus, Appellant contended, any arrearage judgment should exclude child support payments as to that child after his emancipation. Ap-pellee countered that, although the original divorce decree contained an allocated support award, the parties’ mediation agreement was the controlling document. Ap-pellee asserted the mediation agreement contained a lump sum, or unallocated, award, and that Appellant was only entitled to cease child support payments for the older child from the date he filed a modification petition.
The trial court found that “the child support award established in the Final Judgment of Dissolution of Marriage and in the Consent Order Modifying Final Judgment is an unallocated child support award” and awarded arrearages as to the oldest child from the time of his emancipation until Appellant’s modification petition filed in 2010. This appeal followed.

Analysis

“A marital settlement agreement is a contract subject to interpretation like any other contract,” and review is de novo. See Avellone v. Avellone, 951 So.2d 80, 83 (Fla. 1st DCA 2007).
We first reject Appellee’s argument that the controlling document here is the mediation agreement, not the original divorce decree. The mediation agreement simply modified the amount of child support Appellant was obligated to pay each month, and no more. Thus, the support provision in the divorce decree controls.
We interpret the divorce decree to create an allocated child support award, with each child to receive half of the amount until the child is emancipated, as defined in the agreement. Although the decree awards a single monthly sum for both children, it also provides that Appellant’s support obligation ended with each child’s respective emancipation.
Our sister courts have held that decrees with similar language constitute allocated awards. See, e.g., Karnbach v. Karnbach, 971 So.2d 1031 (Fla. 4th DCA 2008); Rodgers v. Reed, 931 So.2d 236 *428 (Fla. 5th DCA 2006); Fla. Dep’t of Revenue ex rel. McClung v. McClung, 760 So.2d 244 (Fla. 3d DCA 2000). Where an award is allocated, an obligor is entitled to seek a modification retroactive to that event. See, e.g., Karnbach, 971 So.2d at 1033.
Furthermore, when the issue is ar-rearages, the obligor is entitled to a retroactive reduction pre-dating a modification petition, consistent with the statutory child support guidelines. See, e.g., State, Dep’t of Revenue ex rel. Ortega v. Ortega, 948 So.2d 855, 857 (Fla. 3d DCA 2007) (explaining that, in the McClung decision, the court was “careful to distinguish those authorities that refused to retroactively modify an unallocated support award from the case then before us involving what we determined to be an allocated award.... ”). The resulting adjusted figure would then be considered in determining the correct amount of arrearages. Id.

Conclusion

We hold that the child support award here is an allocated award entitling Appellant to a reduction of his support obligation, retroactive to the date of the parties’ oldest child’s emancipation, as defined by the divorce decree. Consequently, we REVERSE the trial court’s judgment of arrearages and REMAND for a recalculation of Appellant’s arrearages consistent with this opinion.
REVERSED and REMANDED.
BENTON, C.J., and SWANSON, J., concur.