THOMAS, J.
Appellant, former husband, appeals the trial court’s order denying his petition for modification of his child support obligation. For the reasons explained below, we reverse.

Facts

The trial court entered a jointly-stipulated final judgment of dissolution in 2005. At the time of the divorce, the parties had three minor children, ages 4, 8, and 12. Included in the final judgment was a provision for child support which stated, in relevant part, as follows:
8. The Husband shall pay child support for the benefit of the minor children in the sum of $1,600.00 per month beginning October 1, 2005, and continuing on the 1st day of each month thereafter. The Husband’s support obligation shall terminate or decrease only when there are no minor children because of one of the following events has occurred with regard to the minor children: (a) the death of the child; (b) attainment of her 18th birthday, or up to her 19th birthday so long as the child is in fact dependent, between the ages of 18 and 19, still in school, and performing in good faith with a reasonable expectation of graduation before the age of 19; (c) the valid marriage of the child; (d) a lawful entry of the child into the military service of the United States of America for a continuous period of time of one year or more; (e) the child becoming self-supporting by permanent and full-time employment, exclusive of holidays and vacation; or (f) further order of this Court.
In April 2011, the oldest child reached age 18, and she graduated from high school at the end of May 2011. Appellant filed his modification provision on June 1, 2011, seeking a downward modification based on this provision and the occurrence of a qualifying event as to the oldest child. Appellant followed his petition with a motion for summary judgment. Appellee opposed both the petition and summary judgment motion, claiming that the support award provided that Appellant was obligated to pay the entire $1,600 per month until all three of the children had undergone one of the qualifying events.
The trial court held three hearings on the matter, and throughout the proceedings Appellant objected to the consideration of any testimony concerning the parties’ intent when agreeing to the contested support provision, arguing that no such testimony was needed because the agreement unambiguously provided for a reduction in child support upon the occurrence of a qualifying event as to each child, and if the provision was ambiguous, *989 the ambiguity was patent, in which case parol evidence was inappropriate. Conversely, Appellee also argued the provision unambiguously provided for no reduction in support until a qualifying event occurred as to all three children, and if the provision was ambiguous, the ambiguity was latent and required parol evidence to clear up the ambiguity. The parties also disagreed on whether the support award was allocated or unallocated.
The court ultimately issued an order denying Appellant’s modification petition. The trial court found that in its prior order, it “determined that there was a latent ambiguity concerning the language in Paragraph 8 of the Stipulated Final Judgment,” and that “it would be necessary to entertain parole [sic] evidence and testimony concerning the intent of the parties as it pertains to Paragraph 8 of the Stipulated Final Judgment of Dissolution of Marriage.” The court noted Appellant’s objection to such evidence on the ground the ambiguity was patent, and found:
In the absence of any testimony or evidence concerning the intent of the parties, the Court must construe the provisions of Paragraph 8 to represent an unallocated award of child support in the amount of $1,600.00. Accordingly, the Court finds that the Former Husband’s Supplemental Petition for Modification is due to be denied.
Appellant moved for a rehearing, which the court denied, and this appeal followed.

Analysis

At issue is the interpretation of a divorce decree born of a joint settlement agreement; thus, review is de novo. See Avellone v. Avellone, 951 So.2d 80, 83 (Fla. 1st DCA 2007) (holding “[a] marital settlement agreement is a contract subject to interpretation like any other contract.”).
A cursory review of this provision reveals that it is far from a model of clarity. The court correctly found it ambiguous, but also found that the ambiguity was “latent,” which required parol testimony to determine the parties’ intent and, absent such testimony, it was constrained to find that the provision constituted an unallocated child support award. This, in turn, required it to deny Appellant’s modification petition. This was error.
“Interpretation of a contract begins with its plain language. As a general rule, evidence outside the contract language, which is known as parol evidence, may be considered only when the contract language contains a latent ambiguity.” Duval Motors Co. v. Rogers, 73 So.3d 261, 265 (Fla. 1st DCA 2011) (citation and footnote omitted). “A latent ambiguity exists ‘where the language employed is clear and intelligible and suggests but a single meaning, but some extrinsic fact or extraneous evidence creates a necessity for interpretation or a choice among two or more possible meanings.’ ” Id. n. 2 (quoting Barnwell v. Miami-Dade County Sch. Bd., 48 So.3d 144, 145-46 (Fla. 1st DCA 2010)). “Patent ambiguities are on the face of the document, while latent ambiguities do not become clear until extrinsic evidence is introduced and requires parties to interpret the language in two or more possible ways.” Prime Homes, Inc. v. Pine Lake, LLC, 84 So.3d 1147, 1151-52 (Fla. 4th DCA 2012). “ ‘A latent ambiguity is said to exist where a contract fails to specify the rights or duties of the parties in certain situations and extrinsic evidence is necessary for interpretation or a choice between two possible meanings.’ ” Albertson v. Albertson, 566 So.2d 606, 608 (Fla. 4th DCA 1990) (quoting Forest Hills Utils., Inc. v. Pasco Cnty., 536 So.2d 1117, 1119 (Fla. 2d DCA 1988)).
*990 Based on these principles, the trial court erred in its determination that the ambiguity in the support provision was latent. First, no extrinsic evidence was presented to create an ambiguity. Second, the language under scrutiny was anything but clear and intelligible, suggesting “but a single meaning.” Rather, the ambiguous nature of the provision is clear on its face, even without extrinsic evidence, and the provision lends itself to two possible interpretations: 1) Appellant’s obligation to pay the full $1,600 in monthly child support continues until a qualifying event has occurred with respect to the last of the children; or 2) the support obligation will decrease whenever a qualifying event occurs for the first two children (regardless of the order in which this takes place), and terminate altogether when such an event occurs with respect to the remaining child, i.e., “when there are no minor children because of one of the” qualifying events.
Finally, the judgment does not fail to specify the rights or duties of the parties with respect to child support. To the contrary, the support provision expressly addresses Appellant’s obligation to pay child support and Appellee’s right to receive that support, as well as when Appellant is entitled to cease paying all or some of his obligation.
By finding the provision was latently ambiguous, thus requiring extrinsic evidence to interpret it, and pointing to Appellant’s objection to introducing any such evidence, the trial court determined that it could not interpret the provision, thus forcing it to deny Appellant’s petition. Because the provision was in fact patently ambiguous, however, this was error, and it is for this court to interpret the support provision as it would any contract. See Avellane, 951 So.2d at 83.
The trial court also determined that the support award was unallocated and, without explanation, apparently determined that this prevented it from modifying Appellant’s support obligation. To the extent this was the trial court’s interpretation of the law, we disagree. Whether a support award is allocated or unallocated' is relevant only as to the effective date of any modification — upon the occurrence of a qualifying event or as of the date of filing a modification petition. When a support award is allocated (i.e., not a lump sum), the “obligor is entitled to seek a modification retroactive to that event.” Gilbert v. Cole, 107 So.3d 426 (Fla. 1st DCA 2012).
When the award is unallocated (i.e., a lump sum), there is no automatic reduction retroactive to the qualifying event:
[TJhere are cases in which the support awarded for several children is not sufficient in amount, but is all that the spouse can afford to pay. Therefore, to require an equal division for each child and an automatic reduction in the amount upon each child reaching majority would be inadequate in such cases. When the final judgment awards a lump sum amount for several children, it becomes necessary for the husband to petition for an order reducing the amount when one child attains majority.
Hammond v. Hammond, 492 So.2d 837, 838 (Fla. 5th DCA 1986) (citation omitted). The Hammond court also held that because the appellant did not file a petition for modification, “and because no evidence was taken upon which the court could determine that a modification was appropriate and in the best interest of the remaining minor child, modification of the award was error.” Id. at 839. Thus, although a qualifying event has occurred, the obligor may not be entitled to a modification, retroactive or prospective, if a reduction *991 would result in an inadequate award for the remaining child(ren).
Thus, the fact that an award is unallocated does not, by itself, constitute grounds for denying a petition for modification. Rather, an obligor of an unallocated award must, upon the occurrence of a qualifying event or any time afterward, petition the court for modification and establish entitlement to modification pursuant to the relevant statute and guidelines. See also Dep’t of Revenue v. Hall 699 So.2d 1036, 1038 (Fla. 5th DCA 1997) (holding, where “the final order of dissolution provided for a lump sum support payment for the four children,” that the obli-gor “had the duty to petition the court for modification as each child reached majority and was required to make payments in full until the court granted his requests.”); Lehman v. Dep’t of Revenue, 946 So.2d 1116, 1118 (Fla. 4th DCA 2006) (holding the key issue before it was whether the support provision in question provided for allocated or unallocated child support and, if it was the former, the trial court could retroactively terminate support to a date even before the modification petition at issue was filed). Consequently, to the extent the trial court’s denial of Appellant’s petition was compelled by its finding that the support award was unallocated, this was error.
Turning now to the interpretation of the provision at issue, it provides that child support will “terminate or decrease ” upon the occurrence of certain events. (Emphasis added.) Logically, if the award was meant to continue without reduction until a qualifying event occurred with respect to all three children, as Appellee argues, then any language allowing for the possibility of a decrease is superfluous. If that was the meaning of the clause, then the word “terminate” was sufficient. Instead, however, the provision allows for both the event of termination and a decrease of the support obligation. Furthermore, with respect to each qualifying event, the provision describes it as happening to a single child, e.g., “the death of the child,” attainment of her 18th birthday,” “the child becoming self-supporting ...,” etc. (Emphasis added.) This use of the singular is nonsensical if the support obligation was not subject to a decrease until an event happened to all the children.
Thus, the more logical interpretation of the agreement is that the child support obligation is subject to termination if a qualifying event occurs regarding all three children at or near the same time, or if one or more such events already occurred as to all three children. Likewise, the support obligation is subject to a decrease with the occurrence of a qualifying event as to each child, but with the proviso that after such an event has occurred as to two of the children, the award is subject to termination when such an event occurs with respect to the remaining child, i.e., “when there are no minor children because of one of the” qualifying events. Thus, because one of the children reached the age of majority and graduated from high school— one of the qualifying events — Appellant was entitled to petition for a downward modification of the award.
This leaves the trial court’s determination that the award was unallocated. Under the facts of this ease, however, this issue is moot because Appellant filed his modification petition on June 1, 2011, immediately after a qualifying event occurred as to the oldest child. Thus, there is no issue of whether any modification of the award is retroactive to the qualifying event or the date the petition was filed. Consequently, all that is left for the trial court to do is determine the amount of downward modification, as discussed in Hammond.

*992
Conclusion

For the foregoing reasons, we REVERSE the trial court’s order denying Appellant’s petition for modification of child support and REMAND for proceedings consistent with this opinion.
REVERSED and REMANDED.
VAN NORTWICK and ROBERTS, JJ., concur.