DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARY STOUT,**
Appellant,

v.

**TERRY STOUT,**
Appellee.

No. 4D18-2296

[May 1, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Susan F. Greenhawt, Senior Judge; L.T. Case No. FMCE05-005189 (40/90).

Philip A. Duvalsaint of Philip A. Duvalsaint, PLLC, Fort Lauderdale, for appellant.

Terry Stout, Newark, Delaware, pro se.

DAMOORGIAN, J.

Appellant, Gary Stout, appeals an order finding that he owes $21,224.18 in child support arrearages for his three children. Appellant argues that the court's arrearage calculation was based on its incorrect conclusion that Appellant's support obligation was unallocated amongst his children. We agree and reverse.

Appellant and Appellee, Terry Stout, were divorced in a final judgment of dissolution entered in 2005. At that time, the parties had three minor children. In conjunction with the dissolution of their marriage, the parties executed a Marital Settlement Agreement ("MSA") which was incorporated into and made part of the final judgment of dissolution. The MSA provided, in pertinent part, that Appellant would pay a monthly sum of child support "continuing as each child reaches the age of 18, or graduates high school, whichever is later." The court later entered a modification order increasing Appellant's monthly obligation.

Appellant fell into arrears on his child support obligations and, as a result, his wages were garnished continuously until well after the youngest

child graduated high school at the age of nineteen. Eventually, Appellant filed a motion to close his child support case, arguing that, after accounting for an automatic one-third reduction of his obligation upon the emancipation of each of his older children, Appellant had more than fully paid off his arrearage amount. After reviewing the MSA and modification order, the court concluded that Appellant's child support obligation was unallocated between the parties' children and calculated Appellant's arrearage amount based on the full monthly sum to the date the youngest child graduated high school.

"It is well established that a trial court may, in its discretion, award a lump sum, rather than a separate amount of support for each child . . . ." *State, Dep't of Revenue, Child Support Enf't v. Segrera*, 661 So. 2d 922, 923 (Fla. 3d DCA 1995). When the court makes such an unallocated award, the obligor "has the duty to petition the court to reduce the amount when one child attains majority." *Id.* "[T]here is no automatic reduction retroactive to the qualifying event . . . ." *Thompson v. Watts*, 111 So. 3d 986, 990 (Fla. 1st DCA 2013). If, however, the child support award is allocated per child, the obligor is entitled to retroactive reduction to the date of a qualifying event. *See Fla. Dep't of Revenue ex rel. McClung v. McClung*, 760 So. 2d 244, 246 (Fla. 3d DCA 2000). Therefore, the controlling question in this case is whether the child support award was an aggregate award for all three children or an award allocated per child. This turns on the language of the MSA.

On this point, this Court's decision in *Karnbach v. Karnbach*, 971 So. 2d 1031 (Fla. 4th DCA 2008) is controlling. There, the parties entered into an MSA wherein the former husband agreed to pay a monthly sum of child support for his two minor children which would "continue until 'each child reaches nineteen (19) years of age, graduates high school, dies or becomes emancipated.'" *Id.* at 1032 (emphasis omitted). Based on this language, we held that the child support was allocated and thus subject to retroactive reduction upon a qualifying event for the older child. *Id.* The language contained in the MSA in this case is analogous to the language contained in the MSA quoted by *Karnbach*. Thus, pursuant to the MSA, Appellant's child support obligations were allocated amongst his children.

Despite this conclusion, Appellant is not entitled to an automatic proportional reduction retroactive to the qualifying date for each of his older children. In *Lehman v. Department of Revenue ex rel. Lehman*, 946 So. 2d 1116, 1119 (Fla. 4th DCA 2006), this Court held that where the language used in an agreement providing for allocated child support "is not clear as to the exact amount the child support is to be reduced by upon a child's emancipation," a hearing is required to fix child support for

2

the remaining children in accordance with the guidelines set forth in section 61.30 of the Florida Statutes. The MSA here is silent as to the amount Appellant's support obligation would reduce by upon the emancipation of each child. Accordingly, we reverse and remand with instructions to hold an evidentiary hearing to determine the correct amount of arrearages and the appropriate reduction in child support payments.

*Reversed and remanded.*

GERBER, C.J., and CONNER, J., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***